Lauren M. Hausman, (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff
ELIZABETH WATERMAN

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH WATERMAN,<br><br>        Plaintiff,<br><br>V.<br><br>TIKTOK INC.,<br><br>        Defendant. | Civil Action No. 2:24-cv-04802<br><br>**COMPLAINT** |

        Plaintiff Elizabeth Waterman ("Plaintiff") sues TikTok, Inc. ("Defendant"),

and alleges as follows:

## THE PARTIES

1.     Plaintiff is an individual who is a citizen of the State of California residing in the State of California.

2.     Defendant is a corporation organized and existing under the laws of the State of California with its principal place of business located at 5800 Bristol Parkway, Suite 100, Culver City, CA 90230. Defedant's agent for service of process is 1505 Corporation CSC – LAWYERS INCORPORATING SERVICE, 2710 Gateway Oaks Drive, Sacramento, CA 95833.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendant because it maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5.     Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district.  "The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction."  Righthaven LLC v. Inform Techs., Inc., No. 2:11-CV-00053-KJD-

LRL, 2011 U.S. Dist. LEXIS 119379, at *8 (D. Nev. Oct. 14, 2011) (citing <u>Brayton Purcell LLP v. Recordon & Recordon</u>, 606 F.3d 1124, 1128 (9th Cir. 2010)). Venue is thus proper in this District because personal jurisdiction exists over Defendant in this District.

## **FACTS**

**I.    Plaintiff's Business**

  6. Plaintiff is an accomplished American photographer and director based in Los Angeles, CA that holds a Bachelor of Arts degree in Fine Art from the University of Southern California.

  7. Plaintiff discovers sexuality, portraits, sex work, and obsessions of performance artists (see https://elizabethwaterman.com/).  Her style has been depicted as mutually transformative and transcendent.

  8. Plaintiff's photographic work has been featured in performances at the Wallplay (NYC), old Limelight Church/Jue Lan Club (NYC), and Olson-Irwin (Sydney), auctioned on Artnet.com, and exhibited on L'Oeil de La Photographie.com.

  9. Plaintiff also has an extensive editorial and commercial portfolio. Her editorial work has been published in *The British Journal of Photography*, *The Los Angeles Times*, and *The Huffington Post*. Plaintiff's commercial clientele includes fashion designers Marc Jacobs and Elie Tahari as well as *MS Magazine*.

10.    Currently, Plaintiff is exhibiting imageries from her 2021 sold-out hardcover, MONEYGAME, that features black and white and color photographs from her five-year venture into the sex work and stripper industry, as well as her editorial text.

## II.    The Work at Issue in this Lawsuit

### *The First Photograph*

11.    In 2018, Plaintiff created a professional photograph of a stripper performing at Club W titled "146_ClubW_August2018_321" (the "First Photograph").  A copy of the First Photograph is displayed below:



12.    The First Photograph was registered by Plaintiff with the Register of Copyrights on February 25, 2019 and was assigned Registration No. VAu 1-348-

543. A true and correct copy of the Certificate of Registration pertaining to the First Photograph is attached hereto as **Exhibit "A."**

*The Second Photograph*

13.     In 2019, Plaintiff created a professional photograph of a stripper's legs in white heels standing on money titled "176_CrazyGirls_181-Edit" (the "Second Photograph").  A copy of the Second Photograph is displayed below:



14.     The Second Photograph was registered by Plaintiff with the Register of Copyrights on July 30, 2019 and was assigned Registration No. VA 1-366-084. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "B."**

15.    The First Photograph and Second Photograph are collectively referred to herein as the "Work."

16.    Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

## II.    Defendant's Unlawful Activities

17.    Defendant is an online social media company focused on short-form video hosting services.

18.    Defendant hosts user-submitted videos through its social media app (e.g.,    https://apps.apple.com/us/app/tiktok/id835599320)    and    website (https://www.tiktok.com/).

19.    On multiple dates after each photograph comprising the Work was registered, one or more of Defendant's users caused each photograph comprising the Work to be displayed/published on Defendant's social media app/website platform.

20.    A true and correct copy of screenshots of Defendant's website, displaying the copyrighted Work, is attached hereto as **Exhibit "C."**

21.    Following discovery of the photographs comprising the Work on Defendant's website/social media app, Plaintiff fully complied with 17 U.S.C. § 512 by sending multiple Digital Millennium Copyright Act (the "DMCA") takedown notices to Defendant through its designated agent.

22.    Notwithstanding Plaintiff's multiple attempts (over a period of months) to get Defendant to take down the unauthorized use of the Work, Defendant failed and/or refused to remove the Work from its website/social media app.

23.    All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

24.    Plaintiff re-alleges and incorporates paragraphs 1 through 23 as set forth above.

25.    Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

26.    Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

27.    As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

28.     Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

29.     By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

30.     Alternatively, to the extent Defendant did not directly infringe Plaintiff's rights in the Work, Defendant is liable for vicarious infringement.[1]

31.     Defendant has the right and ability to control the infringing acts of its users yet declined or failed to stop its users from engaging in its infringing activity.

32.     Defendant has a direct financial interest in the profits from the infringing activity. A direct financial interest can involve increased traffic.

33.     Alternatively, to the extent Defendant did not directly infringe Plaintiff's rights in the Work, Defendant is liable for contributory infringement.

34.     "[T]he Copyright Act does not specifically render a third person liable for another person's infringement … [vicarious and contributory copyright

---

[1]        "[T]he Copyright Act does not specifically render a third person liable for another person's infringement … [vicarious and contributory copyright infringement] emerged from common law principles and are well established in the law." Luvdarts, Ltd. Liab. Co. v. AT&T Mobility, Ltd. Liab. Co., 710 F.3d 1068 (9th Cir. 2013). For a defendant to be secondarily liable, the plaintiff must establish that there has been direct infringement by a third party.  Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146 (9th Cir. 2007), " Vicarious liability attaches if the Carriers had both the (1) "right and ability to supervise the infringing activity" and (2) "a direct financial interest" in the activity; see also Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930-31 (2005) ("Liability for vicarious copyright infringement arises … even if the defendant initially lacks knowledge of the infringement."); A&M Records, Inc. v. Napster Inc., 239 F.3d 1004, 1022 (9th Cir. 2001) ("Vicarious copyright liability is an "outgrowth" of respondeat superior.").

infringement] emerged from common law principles and are well established in the law." <u>Luvdarts, Ltd. Liab. Co. v. AT&T Mobility, Ltd. Liab. Co., 710 F.3d 1068 (9th Cir. 2013)</u>. For a defendant to be secondarily liable, the plaintiff must establish that there has been direct infringement by a third party.  <u>Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146 (9th Cir. 2007),</u>

35.    "Liability for contributory copyright infringement attaches if the Carriers (1) knew of the direct infringement; and (2) they either induced, caused, or materially contributed to the infringing conduct." <u>Luvdarts, Ltd. Liab. Co. v. AT&T Mobility, Ltd. Liab. Co.</u>, 710 F.3d 1068 (9th Cir. 2013)

36.    Thus, assuming Defendant did not directly infringe, Defendant caused or materially contributed to its users' infringing activity.  Defendant failed to remove the infringements while having actual knowledge the material was copyright protected. <u>Williams v. Scribd, Inc.</u>, No. 09cv1836-LAB (WMc), 2010 U.S. Dist. LEXIS 90496 (S.D. Cal. June 23, 2010) (explaining that the mere failure to remove an infringing item suffices a material contribution analysis).

37.    Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2024 TikTok"), indicating that Defendant understands the importance of

copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website.  <u>See, e.g.</u>, <u>Bell v. ROI Prop. Grp. Mgmt., LLC</u>, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); <u>John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.</u>, Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation….").

38.    Additionally, Defendant is registered under the Digital Millennium Copyright Act ("<u>DMCA</u>") and thus, Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

39.    Plaintiff has been damaged as a direct and proximate result of

Defendant's infringement.

40.    Plaintiff is entitled to recover her actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

41.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

42.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

43.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each photograph comprising the Work;

d.  Awarding Plaintiff her costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

DATED:  June 7, 2024.                                COPYCAT LEGAL PLLC

                                            By: /s/ Lauren M. Hausman

                                                LAUREN M. HAUSMAN
                                                Attorney for Plaintiff
                                                Elizabeth Waterman