DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
  keyes.mike@dorsey.com
Connor J. Hansen (*pro hac vice*)
  hansen.connor@dorsey.com
Dylan J. Harlow (*pro hac vice*)
  harlow.dylan@dorsey.com
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  schmidt.kent@dorsey.com
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Defendant TikTok, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH WATERMAN,<br><br>　　　　*Plaintiff*,<br><br>v.<br><br>TIKTOK, INC.,<br><br>　　　　*Defendant*. | Case No. 2:24-CV-04802-AB-AJR<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Filed concurrently with (1) Declaration of J. Michael Keyes; and (2) [Proposed] Order<br><br>Hon. André Birotte Jr.<br>Date: October 4, 2024<br>Time: 10:00 a.m.<br>Courtroom: 7B<br><br>Complaint filed: June 7, 2024 |

PLEASE TAKE NOTICE that on September 4, 2024 at 10:00 a.m., or as soon thereafter as this matter may be heard, before the Honorable André Birotte Jr. in Courtroom 7B of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Defendant TikTok Inc. ("Defendant" or "TTI") will, and hereby does, move the Court for an Order dismissing Plaintiff Elizabeth Waterman's ("Plaintiff" or "Waterman") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities ("Memorandum"), the Complaint (Dkt. 1) and its exhibits, the concurrently filed [Proposed] Order, the arguments of counsel, and all other materials which may properly come before the Court at or before the hearing on this Motion.

By way of this Motion and the supporting Memorandum, Defendant will show that Plaintiff has not and cannot state plausible claims for direct infringement, contributory infringement, or vicarious infringement against Defendant under the Copyright Act.

**Local Rule 7-3 Certification.** This motion is made following the conference of counsel pursuant to Local Rule 7-3 and the Court's Initial Standing Order (Dkt. 10), which took place on July 29, 2024 via video conference. The Parties were unable to resolve the disputes addressed in Defendant's Memorandum.

| | | |
|---|---|---|
| 1 | Dated: August 19, 2024 | DORSEY & WHITNEY LLP |
| 2 | | |
| 3 | | By: /s/ J. Michael Keyes |
| | | J. Michael Keyes (SBN 262281) |
| 4 | |   keyes.mike@dorsey.com |
| | | Connor J. Hansen (*pro hac vice*) |
| 5 | |   hansen.connor@dorsey.com |
| | | Dylan J. Harlow (*pro hac vice*) |
| 6 | |   harlow.dyaln@dorsey.com |
| | | Columbia Center |
| 7 | | 701 Fifth Avenue, Suite 6100 |
| | | Seattle, WA |
| 8 | | Telephone: 206.903.8800 |
| | | Facsimile: 206.903.8820 |
| 9 | | DORSEY & WHITNEY LLP |
| 10 | | Kent J. Schmidt (SBN 195969) |
| | |   schmidt.kent@dorsey.com |
| 11 | | 600 Anton Boulevard, Suite 200 |
| | | Costa Mesa, CA 92626 |
| 12 | | Telephone: 714.800.1400 |
| | | Facsimile: 714.800.1499 |
| 13 | | *Attorneys for Defendant TikTok, Inc.* |

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS ...................................................... 1

I. Introduction ................................................................................................ 1

II. Factual Background................................................................................... 2

    A. Plaintiff, its Business, and its Copyrights............................................ 2

    B. Defendant and its Alleged Infringement.............................................. 2

III. Law and Argument..................................................................................... 3

    A. Plaintiff has Not Alleged—And Cannot Allege—Any Volitional Conduct by TTI to Support Its Direct Copyright Infringement Theory .................................................................................................. 3

    B. Plaintiff has Not Alleged—And Cannot Allege—Facts to Support its Vicarious Liability Theory ...................................................... 6

    C. Plaintiff Has Not Plausibly Alleged Facts to Support its Contributory Infringement Theory ....................................................... 8

IV. Conclusion................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. TikTok, Inc.*,
  637 F. Supp. 2d 276 (E.D. Pa. 2022) ........................................................... 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................ 3, 4, 7, 9

*Ellison v. Robertson*,
  357 F.3d 1072 (9th Cir. 2004) .................................................................. 7, 8

*Epikhin v. Game Insight N. Am.*,
  No. 14-CV-04383-LHK, 2015 U.S. Dist. LEXIS 66188 (N.D. Cal. May 20, 2015) .......................................................................................... 9

*Fox Broad. Co., Inc. v. Dish Network LLC.*,
  747 F.3d 1060 (9th Cir. 2014) ...................................................................... 5

*Harrison v. Facebook, Inc.*,
  No. C 19-01547 JSW, 2019 U.S. Dist. LEXIS 234962 (N.D. Cal. July 2, 2019), *aff'd*, 816 F. App'x 228 (9th Cir. 2020) .......................... 5

*Kilina Am. Inc. v. Bonded Apparel, Inc.*,
  No. CV 19-4018-PSG-SK, 2019 U.S. Dist. LEXIS 228186 (C.D. Cal. Nov. 19, 2019) ........................................................................................... 8

*Luvdarts, LLC v. AT&T Mobility, LLC*,
  710 F.3d 1068 (9th Cir. 2013) .................................................................. 8, 9

*Nat'l Photo Grp., LLC v. Allvoices, Inc.*,
  No. C-13-03627 JSC, 2014 U.S. Dist. LEXIS 9190 (N.D. Cal. Jan. 24, 2014) ................................................................................................. 6, 10

*Perfect 10, Inc. v. Amazon.com*,
  508 F.3d 1146 (9th Cir. 2007) ............................................................ 6, 7, 10

*Perfect 10, Inc. v. CCBill LLC*,
  488 F.3d 1102 (9th Cir. 2007) .................................................................... 10

*Perfect 10, Inc. v. Giganews, Inc.*,
  847 F.3d 657 (9th Cir. 2017) ................................................................ *passim*

*Rosen v. eBay, Inc.*,
 No. CV 16-9183-MWF (Ex), 2018 U.S. Dist. LEXIS 223720 (C.D. Cal. Apr. 4, 2018) .................................................................................................. 6

*Stross v. Meta Platforms, Inc.*,
 No. 2:21-cv-08023-MCS-AS, 2022 U.S. Dist. LEXIS 100689 (C.D. Cal. Apr. 6, 2022) ................................................................................................ 5, 7, 8

*Stross v. Twitter, Inc.*,
 No. 2:21-cv-8360-SVW, 2022 U.S. Dist. LEXIS 100750 (C.D. Cal. Feb. 28, 2022) ............................................................................................................. 5

*VHT, Inc. v. Zillow Grp., Inc.*,
 918 F.3d 723 (9th Cir. 2019) ............................................................................ 3, 4, 5, 7

*YZ Prods. v. Redbubble, Inc.*,
 545 F. Supp. 3d 756 (N.D. Cal. 2021) ............................................................................ 9

**Statutes**

17 U.S.C. § 106 ................................................................................................................. 3

17 U.S.C. § 512 ................................................................................................................. 2

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff Elizabeth Waterman ("Plaintiff" or "Waterman") allegedly owns copyrighted photographs. Plaintiff sued TikTok Inc. ("Defendant" or "TTI") asserting claims for direct, contributory, and vicarious copyright infringement of Plaintiff's photos. Plaintiff has not alleged facts to plausibly support *any* theory of infringement by TTI. The threadbare and conclusory allegations are demonstrably deficient for numerous reasons under controlling case law.

*First*, Plaintiff's direct infringement claim fails because the Complaint contains no allegations that TTI engaged in volitional conduct, a legal and factual predicate to direct liability under the Copyright Act. To survive a motion to dismiss, a Complaint must allege that Defendant—not its third-party users—engaged in acts that directly caused the infringement. The Complaint does the exact opposite, making it clear that it was TTI's **users** who "caused each photograph comprising the Work to be displayed/published." Dkt. 1 ¶ 19. Plaintiff has not, and cannot, plausibly allege that TTI was the direct cause of the alleged infringement. Plaintiff's direct infringement claims should be dismissed with prejudice.

*Second*, Plaintiff's claim for vicarious infringement is also doomed. It fails to allege a single fact that Defendant derives *any* financial benefit from the specific acts of alleged direct infringement underlying this claim. It is not enough that these allegedly infringing videos may be on TikTok. The law requires more. This claim should be dismissed with prejudice.

*Third*, Plaintiff's claim for contributory infringement fails because the Complaint does nothing more than recite the elements of the cause of action. Plaintiff's conclusory allegations are insufficient to plead that Defendant had knowledge of the specific acts of alleged direct infringement or materially contributed to them in any way. This claim should also be dismissed.

## II. FACTUAL BACKGROUND

Plaintiff filed its Complaint against TTI on June 7, 2024. Dkt. 1. The Complaint contains one Count for copyright infringement and advances three theories for liability: direct infringement, contributory infringement, and vicarious infringement. *Id.* ¶¶ 24-43. The Complaint contains the following factual allegations.

### A. Plaintiff, its Business, and its Copyrights

Plaintiff is a "photographer and director" who "discovers sexuality, portraits, sex work, and obsessions of performance artists." *Id.* ¶¶ 6-7. Ms. Waterman maintains a portfolio of photographs on these subjects. *Id.* ¶ 9. She purportedly owns two photographs, the "First Photograph" and "Second Photograph," that are the subject of the Complaint. *Id.* ¶¶ 11, 13. The First Photograph and Second Photograph are purportedly registered under two copyright registrations. *Id.* ¶¶ 12, 14; Dkt. 1-1; Dkt. 1-2.

### B. Defendant and its Alleged Infringement

The Complaint alleges that "[o]n multiple dates after each photograph comprising the Work was registered, one or more of Defendant's users caused each photograph comprising the Work to be displayed/published on Defendant's social media app/website platform." *Id.* ¶ 19. Defendant attaches as Exhibit C to the Complaint screenshots of TTI's users' content that is alleged to infringe Plaintiff's copyrights. *Id.* ¶ 20, Dkt. 1-3.

The Complaint alleges that "[f]ollowing discovery of the photographs comprising the Work on Defendant's website/social media app, Plaintiff fully complied with 17 U.S.C. § 512 by sending multiple [DMCA] takedown notices to Defendant through its designated agent." Dkt. 1 ¶ 21. The Complaint further alleges that "[n]otwithstanding Plaintiff's multiple attempts (over a period of months) to get Defendant to take down the unauthorized use of the Work, Defendant failed and/or refused to remove the Work from its website/social media app." *Id.* ¶ 22.

## III. LAW AND ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (emphasis added). The general rule that a court must accept as true all of the factual allegations in a complaint does not apply to "'naked assertions' devoid of 'further factual enhancement,'" "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or "legal conclusion[s] couched as . . . factual allegation[s]." *Id*. (quoting *Twombly*, 550 U.S. at 555-57). A complaint that relies on "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient to survive a motion to dismiss. *Id*.

### A. Plaintiff has Not Alleged—And Cannot Allege—Any Volitional Conduct by TTI to Support Its Direct Copyright Infringement Theory

To prove direct copyright infringement by TTI, Plaintiff must show that TTI violated at least one of the exclusive rights listed in 17 U.S.C. § 106. *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 731 (9th Cir. 2019) (citing *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)). Plaintiff "must also establish causation, which is commonly referred to as the 'volitional-conduct requirement.'" *Id.* (citing *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017)). The word "volitional" in this context "simply stands for the unremarkable proposition that proximate causation historically underlines copyright infringement liability no less than other torts," as a result, "direct liability must be premised on conduct that can reasonably be described as the direct cause of the infringement." *Giganews*, 847 F.3d at 666 (citations omitted).

In cases involving online service providers like TTI, the Ninth Circuit tells us that the volitional-conduct requirement "takes on greater importance." *Zillow*, 918 F.3d at 731. To plausibly allege volitional conduct by TTI, the Complaint must do more than allege that TTI was a passive participant in its *user's* acts of infringement. *Id.* at 732 ("[C]opying, storage, and transmission of copyrighted materials, *when instigated by others*, does not render an [online service provider] strictly liable for copyright infringement.") (emphasis added). Rather, Plaintiff must sufficiently allege that TTI engaged in "actual infringing conduct with a nexus sufficiently close and causal to the illegal copying." *Id.* at 732 (quoting *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 550 (4th Cir. 2004)). This requires "some evidence showing [the alleged infringer] exercised control (other than by general operation of [its website]); selected any material for upload, download, transmission, or storage; or instigated any copying, storage, or distribution of its photos." *Id.* at 732 (quoting *Giganews*, 847 F.3d at 666, 670) (alterations in original).

Here, TTI is an online service provider. *See Anderson v. TikTok, Inc.*, 637 F. Supp. 2d 276, 280 (E.D. Pa. 2022) (characterizing TTI as an "interactive computer service provider"). Plaintiff has failed to allege any volitional conduct by TTI. Plaintiff merely alleges that "Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff." Dkt. 1 ¶ 28. This is exactly the type of conclusory, naked assertion that is insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Further, this conclusory allegation—that merely recites an element of any copyright infringement claim—is not supported by *any* facts to suggest that TTI caused the alleged reproduction, distribution or display of Plaintiff's photographs. To the contrary, the Complaint is clear that "**Defendant's users caused** each photograph comprising the Work to be displayed/published" on TikTok. Dkt. 1 ¶ 19 (emphasis added). That it was TTI's users—not TTI itself— that caused the alleged infringement is further shown by Exhibit C the Complaint, which allegedly includes "screenshots of Defendant's website, displaying the

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT -4- Case No. 2:24-CV-04802-AB-AJR

copyrighted Work." Dkt. 1 ¶ 21; Dkt. 1-3. Each screenshot clearly shows *user* profiles and *user* posts residing on pages maintained by those *users*. Dkt. 1-3 at 2-26; *Stross v. Twitter, Inc.*, No. 2:21-cv-8360-SVW, 2022 U.S. Dist. LEXIS 100750, at *9 (C.D. Cal. Feb. 28, 2022) ("Though Plaintiff attaches a number of screenshots of Infringing Uses . . . these images only show users who themselves posted Plaintiff's images to their personal profiles.").

As in *Zillow*, "[t]he only display that occurred was triggered by the user" and TTI cannot be liable for direct infringement. *Zillow*, 918 F.3d at 737. Plaintiff's claim of direct infringement must be dismissed. *See Giganews*, 847 F.3d at 668 (affirming dismissal where Plaintiff did not "demonstrate that Giganews—as opposed to the user who called up the images—caused the images to be displayed"); *see also Twitter*, 2022 U.S. Dist. LEXIS 100750, at *7 (dismissing claims of direct infringement because the complaint "does not assert that *Twitter itself* uploaded any of Plaintiff's photographs or actively displayed or republished them") (emphasis added).

Plaintiff's allegation that "Defendant hosts **user-submitted** videos through" TikTok is similarly insufficient. Dkt. 1 ¶ 18 (emphasis added). TTI's "general operation" of the platform used by others to infringe is not enough to allege that TTI directly caused the infringement. *Zillow*, 918 F.3d at 732; *see also Fox Broad. Co., Inc. v. Dish Network LLC.*, 747 F.3d 1060, 1067 (9th Cir. 2014) ("[O]perating a system used to make copies at the user's command does not mean that the system operator, rather than the user, caused copies to be made."); *Stross v. Meta Platforms, Inc.*, No. 2:21-cv-08023-MCS-AS, 2022 U.S. Dist. LEXIS 100689, at *6-7 (C.D. Cal. Apr. 6, 2022) ("[H]osting of images without direct involvement in presenting specific images to specific users does not constitute direct infringement.").

Plaintiff's inability to establish volitional conduct renders amendment of the Complaint futile. *See Harrison v. Facebook, Inc.*, No. C 19-01547 JSW, 2019 U.S. Dist. LEXIS 234962, at *5 (N.D. Cal. July 2, 2019) (dismissing direct infringement

claim with prejudice because "it appears Plaintiff cannot allege that Facebook has done anything but serve as a passive host to content uploaded and created" by users), *aff'd*, 816 F. App'x 228 (9th Cir. 2020); *see also Rosen v. eBay, Inc.*, No. CV 16-9183-MWF (Ex), 2018 U.S. Dist. LEXIS 223720, at *15 (C.D. Cal. Apr. 4, 2018) (dismissing direct infringement claim with prejudice "to the extent Plaintiff's copyright infringement claims is based on Defendant's direct infringement of Plaintiff's copyright via the activities of Defendant's users"). Consequently, Plaintiff's direct infringement claim should be dismissed without leave to amend.

### B. Plaintiff has Not Alleged—And Cannot Allege—Facts to Support its Vicarious Liability Theory

To survive dismissal of his claim for vicarious infringement, Plaintiff must plausibly allege that TTI has "(1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *Giganews*, 847 F.3d at 673 (citation omitted). Plaintiff fails to allege facts plausibly supporting either element.

As to the first element, the "control prong," the Complaint merely recites the element: "Defendant has the right and ability to control the infringing acts of its users yet declined or failed to stop its users from engaging in [their] infringing activity." Dkt. 1 ¶ 31. "Plaintiff's [Complaint] simply parrots the elements of the [control prong] without providing any factual allegations that would make such a claim plausible. The absence of such allegations requires dismissal." *Nat'l Photo Grp.*, 2014 U.S. Dist. LEXIS 9190, at *24-25 (citing *Iqbal*, 556 U.S. at 678).

To properly plead this element, Plaintiff would have to present facts plausibly alleging that TTI "has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so." *Amazon.com*, 508 F.3d at 1173. Even if Plaintiff stretched its threadbare allegations to hint that TTI's hosting of the TikTok Platform necessarily means it has the requisite control, this is plainly insufficient. In *Zillow*, the Ninth Circuit found "there was insufficient evidence that

1  Zillow had the technical ability to screen out or identify infringing . . . photos *among*
2  *the many photos that users saved or uploaded daily*." 918 F.3d at 746 (emphasis
3  added). Similarly, in *Amazon.com*, the Ninth Circuit found the Google lacked the
4  practical ability to police infringement because doing so would require it to "analyze
5  every image on the internet, compare each image to all the copyrighted images that
6  exist . . . and determine whether a certain image on the web infringes someone's
7  copyright." 508 F.3d at 1174. Plaintiff's Complaint contains no factual allegations
8  suggesting that TTI has any greater right or ability to control infringement than
9  Zillow or Google. For this reason alone, Plaintiff's claim fails and should be
10  dismissed with prejudice.

11  As to the second element, the "essential aspect" of that claim is the existence
12  of a "causal relationship" between the financial benefit to the defendant and the
13  particular infringing activity at issue. *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th
14  Cir. 2004). Here, Plaintiff merely alleges that "Defendant has a direct financial
15  interest in the profits from the infringing activity. A direct financial interest can
16  involve increased traffic." Dkt. 1 ¶ 32. Plaintiff's Complaint includes *zero*
17  allegations suggesting that TTI directly derived any "profits from the infringing
18  activity" and this threadbare allegation is plainly insufficient. *Iqbal*, 556 U.S. at 678.

19  Plaintiff's assertion that a financial benefit "*can* involve increased traffic" is
20  similarly deficient. It is not enough to allege that "customers were drawn to [TikTok]
21  to obtain access to infringing material in general" rather, Plaintiff must plead facts
22  suggesting that "customers were drawn to [TTI's] services **because of the infringing**
23  **[content] at issue**." *Giganews*, 847 F.3d at 673-74; *see also Meta Platforms, Inc.*,
24  2022 U.S. Dist. LEXIS 100689, at *8 (dismissing vicarious liability claim where the
25  complaint alleged that "40% of the traffic" on Facebook related to pages with
26  "copyright-infringed content" but lacked any allegations that plaintiff's works were
27  a draw to Facebook's users). Plaintiff fails to allege, nor could it, that the allegedly
28  infringing materials led to any increase in traffic to TikTok, resulted in an increase

in TTI's user base, or resulted in any other benefit to TTI. *See Ellison*, 357 F.3d at 1079 ("The record lacks evidence that AOL attracted or retained subscriptions because of the infringement or lost subscriptions because of AOL's eventual obstruction of the infringement . . . Therefore, Ellison's claim of vicarious copyright infringement fails."); *Meta Platforms, Inc.*, 2022 U.S. Dist. LEXIS 100689, at *8-9 (dismissing vicarious liability claim where the allegations in the complaint were "not sufficient to show that Defendant drew users to Facebook because of Plaintiff's infringed works").

Plaintiff's inability to establish the requisite control or direct financial interest renders amendment of the Complaint futile. *See Kilina Am. Inc. v. Bonded Apparel, Inc.*, No. CV 19-4018-PSG-SK, 2019 U.S. Dist. LEXIS 228186, at *6-7 (C.D. Cal. Nov. 19, 2019) (dismissing vicarious copyright infringement claim without leave to amend where the complaint included only "threadbare recitals of the elements"). Plaintiff's vicarious infringement theory is inadequately pled and should be dismissed with prejudice.

### C. Plaintiff Has Not Plausibly Alleged Facts to Support its Contributory Infringement Theory

A plaintiff asserting a claim for contributory copyright infringement must allege: (1) direct infringement by a third party; (2) the defendant's knowledge of that third party's direct infringement; and (3) that the defendant "either (a) materially contribute[d] to or (b) induce[d] that infringement." *Giganews*, 847 F.3d at 670 (quoting *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 794-95 (9th Cir. 2007)). The knowledge element of contributory infringement requires more than "generalized knowledge . . . of the possibility of infringement." *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013). Rather, Plaintiff must allege that TTI had "actual knowledge that specific infringing material is available using its [TikTok Platform]." *Giganews*, 847 F.3d at 671 (quoting *Perfect 10, Inc. v. Amazon.com*, 508 F.3d 1146, 1172 (9th Cir. 2007)). That is, Plaintiff must show that

TTI had "actual knowledge of specific acts of infringement." *Luvdarts*, 710 F.3d at 1072 (citation omitted).

The Complaint alleges, in only the most conclusory terms, that Plaintiff sent DMCA-compliant takedown notices to Defendant, Dkt. 1 ¶ 21, and that Defendant "failed to remove the infringements while having actual knowledge that material was copyright protected." *Id.* ¶ 36. These allegations are threadbare legal conclusions unsupported by any facts in the Complaint and should not be taken as true. *See Iqbal*, 556 U.S. at 678 ("legal conclusion[s] couched . . . as factual allegations" and "naked assertions devoid of further factual enhancement," should not be taken as true (citations omitted)); *Luvdarts*, 710 F.3d at 1072-73. Further, Plaintiff's allegation that Defendant had "actual notice" and failed to act is a mere recitation of the elements for a contributory infringement claim. This is shown by Plaintiff's Complaint, in which it recites the elements for a contributory infringement claim, Dkt. 1 ¶ 35, immediately followed by allegations that parrot those elements. *Id.* ¶ 36 (alleging "Defendant caused or materially contributed to its user's infringing activity" and that Defendant had "actual knowledge the material was copyright protected").

Plaintiff failed to plead any facts relating to when the takedown notices were allegedly sent to Defendant; failed to plead any facts regarding when the infringement occurred; failed to plead any facts regarding what information was included in the takedown notices; and failed to plead any other facts to suggest that the information therein was sufficient to put Defendant on notice of each of the specific acts of infringement shown in Exhibit C to the Complaint. Plaintiff's conclusory allegations, in the absence of these key facts, are insufficient. *Luvdarts*, 710 F.3d at 1072; *see also Epikhin v. Game Insight N. Am.*, No. 14-CV-04383-LHK, 2015 U.S. Dist. LEXIS 66188, at *13-14 (N.D. Cal. May 20, 2015) ("threadbare assertions that [defendant] had knowledge of the infringing acts relating to Plaintiff's copyrighted works" are insufficient); *see YZ Prods. v. Redbubble, Inc.*, 545 F. Supp. 3d 756, 764

(N.D. Cal. 2021) (dismissing contributory infringement claims where the Complaint only contained conclusory allegations that "Plaintiff notified Defendant of its infringement" and that "Defendant had specific knowledge of the Infringing Goods").

Plaintiff's contributory infringement claim should be dismissed for the additional reasons that Plaintiff fails to allege any "material contribution" by TTI to the alleged direct infringement by its third-party users. In the internet context, a plaintiff must allege that a defendant "can take simple measures to prevent further damage to copyrighted works, yet continues to provide access to infringing works." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1172 (9th Cir. 2007) (citation omitted). *Simple* measures are the standard because Congress has "place[d] the burden of policing copyright infringement—identifying the potentially infringing material and adequately documenting infringement—squarely on the owners of the copyright." *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1113 (9th Cir. 2007).

Here, the Complaint is devoid of any measures that TTI allegedly could have taken to address the infringement. *See Giganews*, 847 F.3d at 671 (plaintiff's submission of generalized takedown demands did not provide defendant "simple measures" for removing the photographs because plaintiff's notices did not include machine-readable information for the photographs); *Nat'l Photo Grp., LLC v. Allvoices, Inc.*, No. C-13-03627 JSC, 2014 U.S. Dist. LEXIS 9190, at *21 (N.D. Cal. Jan. 24, 2014) (dismissing contributory infringement claim where the complaint "fails to allege what 'simple measures' Defendant failed to take to prevent further damage to the copyrighted photographs").

In sum, the Complaint fails to plausibly allege that Plaintiff provided TTI with actual knowledge of specific instances of alleged direct infringement and Plaintiff has not plausibly alleged that TTI could have taken "simple measures" to remove the alleged infringing content posted by its users. Plaintiff's contributory infringement claim should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, TTI respectfully asks the Court to grant this Motion and dismiss Plaintiff's Complaint.

Dated: August 19, 2024

DORSEY & WHITNEY LLP

By: */s/ J. Michael Keyes*
J. Michael Keyes (SBN 262281)
 keyes.mike@dorsey.com
Connor J. Hansen (*pro hac vice*)
 hansen.connor@dorsey.com
Dylan J. Harlow (*pro hac vice*)
 harlow.dyaln@dorsey.com
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
 schmidt.kent@dorsey.com
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Defendant TikTok, Inc.*

### L.R. 11-6.2. Certificate of Compliance

The undersigned, counsel of record for Defendant TikTok, Inc. certifies that this brief contains 3,238 words, which complies with the word limit of L.R. 11-6.

Dated: August 19, 2024

*/s/ J. Michael Keyes*
J. Michael Keyes, SBN 262281

# CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2024, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record. Any counsel of record who has not consented to electronic service through the Court's CM/ECF system will be served by electronic mail.

*/s/ J. Michael Keyes*
J. Michael Keyes, SBN 262281