Lauren M. Hausman (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff
ELIZABETH WATERMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH WATERMAN,<br><br>Plaintiff,<br><br>v.<br><br>TIKTOK, INC.,<br><br>Defendant. | Civil Action No. 2:24-cv-04802-AB-AJR<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS** |

Plaintiff Elizabeth Waterman ("Plaintiff") hereby files this Memorandum of Points and Authorities in Opposition to defendant TikTok Inc.'s ("Defendant") Motion to Dismiss Plaintiff's Complaint (the "Motion") [D.E. 24].

## INTRODUCTION

Plaintiff filed this lawsuit asserting one claim for copyright infringement with respect to Defendant's publication/display of two of Plaintiff's photographs (collectively, the "Work"). Plaintiff alleges that Defendant's users published/displayed the Work on its website in 2018 and 2019 without Plaintiff's permission/authorization and Defendant failed to take action or exercise its control to remove the infringements. The Motion seeks dismissal on the basis that Plaintiff does not allege that Defendant engaged in volitional conduct, derived a financial benefit, or adequately allege contributory infringement. Accepting Plaintiff's allegations as true (as the Court must do at the motion to dismiss stage), Defendant's arguments for dismissal fail.

## BACKGROUND

1.  The Complaint alleges that Plaintiff is an accomplished American Photographer and Director whose work has been featured in various performances and has an extensive editorial and commercial portfolio.[1]

---

[1]   See Complaint, at ¶¶ 6 – 9.

2. This lawsuit concerns Defendant's failure to remove alleged unauthorized display and/or publication of two (2) photographs after receiving Digital Millennium Copyright Act ("DMCA") takedown notices.[2]

3. The Complaint alleges a *single* count of copyright infringement based on a theory of direct infringement, vicarious infringement, *or* contributory infringement.[3]

## ARGUMENT

### I.   Legal Standard

For purposes of deciding a motion to dismiss, the Court accepts the allegations of the complaint as true and views the facts in the light most favorable to it. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Under Rule 12(b)(6), dismissal is proper if the complaint fails to allege either a cognizable legal theory or sufficient **facts** under a cognizable legal theory. Mello v. Great Seneca Fin. Corp., 526 F. Supp. 2d 1020, 1022 (C.D. Cal. 2007). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief

---

[2] Id. at ¶¶ 15 – 22.

[3] Id. at ¶¶ 24-43.

that is plausible on its face." Ashcroft v. Iqbal, 555 U.S. 662 (2009). A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, a well pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 556.

## II.  Plaintiff has Alleged Facts to Support a Vicarious Infringement Theory

The Ninth circuit has explained that one "infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1173 (9th Cir. 2007). The plaintiff must establish that the defendant exercises the requisite control over the direct infringer and that the defendant derives a direct financial benefit from the direct infringement. Id. A defendant exercises control over a direct infringer when he has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so. BackGrid USA, Inc. v. Twitter, Inc., No. CV 22-9462-DMG (ADSx), 2024 U.S. Dist. LEXIS 103090, *13 (C.D. Cal. June 7, 2024) (denying a Motion to Dismiss claims for direct, contributory, and vicarious infringement). The Ninth Circuit has found that it is sufficient to allege that the

defendant had the ability to identify and remove the infringing work. See Stross v. Zillow Inc., No. 2:21-cv-01489-RAJ-BAT, 2022 U.S. Dist. LEXIS 147735, *21 (W.D. Wash. June 21, 2022) ("[I]t is sufficiently alleged that Zillow had the technical ability to screen or identify the Works based on the URLs included in the DMCA Takedown Notice"). Here, the Complaint alleges that Plaintiff sent multiple DMCA takedown notices to Defendant regarding the displayed infringements and Defendant failed to remove the Work.[4] See Perfect 10 at 1173 (9th Cir. 2007) (one infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it). Thus, the Complaint adequately alleges that Defendant had the control and ability to limit or stop the alleged infringement.

The second prong requires the defendant to derive a financial benefit from the infringement. Id. Direct financial interest exists where the availability of infringing material acts as a draw for customers. BackGrid at *15 (C.D. Cal. June 7, 2024). The benefit need not be "substantial" in light of the defendant's overall

---

[4] Id. at ¶ 21-22.

profits. Id. Here, Plaintiff alleged that Defendant meets this criterion due to increased traffic.[5] Defendant harps on the usage of the word "can" rather than "did" in the Complaint. Plaintiff's position is this is simply a parsing of words and asserts that she has satisfied this prong, as all allegations are taken as true, by sufficiently pleading that Defendant received a financial benefit through the increased traffic. Hence, Plaintiff has adequately plead that Defendant is liable for vicarious infringement and the court should deny the motion to dismiss on this basis. Nevertheless, should this Court agree with Defendant, Plaintiff is willing to amend the Complaint with more clarifying language.

**III.   Plaintiff has Plausibly Alleged a Contributory Infringement Theory**

One who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another may be liable as a contributory infringer. See Ellison v. Robertson, 357 F.3d 1072, 1076. In other words, a party may be held liable for contributory infringement if it "(1) has knowledge of another's infringement and (2) either (a) materially contributes to or

---

[5] Id. at ¶ 32.

(b) induces that infringement. BackGrid at *9 (C.D. Cal. June 7, 2024). A defendant who receives a compliant DMCA notice and fails to comply satisfies the knowledge prong. Id. In this case, the Complaint has adequately plead that Defendant had actual knowledge based on the providing of takedown notices by Plaintiff. See Id. at 11 (C.D. Cal. June 7, 2024) (finding that defendant's failure to claim the notices were not received nor asserting the notices were non-complaint satisfied the knowledge requirement). See also Stross v. Twitter, Inc., No. 2:21-cv-8360-SVW, 2022 U.S. Dist. LEXIS 100750, *14 (C.D. Cal. Feb. 28, 2022) (finding the Plaintiff plausibly alleges actual knowledge by alleging takedown notices were provided to Twitter). It should be noted that Defendant cites Stross for the proposition that Plaintiff fails to state a claim for direct infringement yet fails to mention that the court in Stross denied the motion to dismiss on the vicarious and contributory theories of infringement. Here, like in Stross, the Complaint plausibly alleges Defendant has actual knowledge of the infringement and satisfies the first prong.

Actual knowledge automatically establishes a "material contribution" theory of contributory infringement. Giganews, Inc., 847 F.3d at 671. Alternatively, a plaintiff properly alleges the material contribution element if he can show that a

defendant could have taken simple measures to prevent further damage to copyrighted works yet continued to provide access to infringing works. Stross v. Meta Platforms, Inc., No. 2:21-cv-08023-MCS-AS, 2022 U.S. Dist. LEXIS 100689, *11 (C.D. Cal. Apr. 6, 2022). Here, Plaintiff has adequately alleged that Defendant has actual knowledge and thus satisfies the second prong. Still, Plaintiff also alleges that compliant takedown notices were provided to Defendant, and they failed to act. See Oppenheimer v. Allvoices, Inc., No. C 14-00499 LB, 2014 U.S. Dist. LEXIS 80320, 2014 WL 2604033, at *7 (N.D. Cal. June 10, 2014) (concluding a plaintiff alleges simple measures when the plaintiff alleges the ability to remove infringing works and provides takedown notices). Expressly, Plaintiff has purported that Defendant had actual knowledge of the infringements via the DMCA takedown notices provided, yet Defendant failed to act. Consequently, the complaint plausibly alleges that Defendant contributorily infringed on the Work. For these reasons, the court should not grant the Motion to Dismiss on this basis.

### IV. Direct Infringement

The Motion asserts that Plaintiff has not plausibly set forth facts demonstrating that Defendant could be held liable for direct infringement. As set

forth above, Plaintiff does not assert separate claims for direct, vicarious, and/or contributory infringement, but rather a single claim that is based on any of those theories of liability. As a result, assuming that Plaintiff has plead a plausible claim on any *one* of those theories of infringement, dismissal of the claim is improper. That said, based on the caselaw Defendant has cited in the Motion, it does appear that a direct infringement theory of liability has not been properly set forth in the Complaint. Defendant asks that such 'theory' be dismissed with prejudice, but there is no basis for such. See Stross, 2022 U.S. Dist. LEXIS 100750 at *15 (C.D. Cal. Feb. 28, 2022) (dismissing claim of direct infringement **without** prejudice and granting plaintiff leave to amend) (emphasis added). If anything, Plaintiff should be given the opportunity to seek discovery with respect to her other theories of liability which very well could reveal additional facts sufficient to support a direct liability theory. There is simply no basis for dismissing the entirety – or any portion – of Plaintiff's claim with prejudice at this stage.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) denying the Motion; (b) requiring Defendant to file its Answer to the

Complaint within 14 days of the denial of the Motion; and (c) for such further relief as the Court deems proper.

Dated:  September 20, 2024.  **COPYCAT LEGAL PLLC**

By: /s/ Lauren M. Hausman
　　Lauren M. Hausman, Esq.
　　Attorney for Plaintiff
　　Elizabeth Waterman

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Lauren M. Hausman
Lauren M. Hausman, Esq