DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
 *keyes.mike@dorsey.com*
Connor J. Hansen (*pro hac vice*)
 *hansen.connor@dorsey.com*
Dylan J. Harlow (*pro hac vice*)
 *harlow.dylan@dorsey.com*
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
 *schmidt.kent@dorsey.com*
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Defendant TikTok, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH WATERMAN,<br><br>　　　　*Plaintiff*,<br><br>v.<br><br>TIKTOK INC.,<br><br>　　　　*Defendant*. | Case No. 2:24-CV-04802-AB-AJR<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Hon. André Birotte Jr.<br>Date: October 18, 2024<br>Time: 10:00 a.m.<br>Courtroom: 7B<br><br>Complaint filed: June 7, 2024 |

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT ....................................................................................................... 2

    A. The Court Should Separately Analyze and Dismiss Any of Plaintiff's Insufficiently Pleaded Infringement Theories ..................... 2

    B. Plaintiff Admits She Failed to Plead a Direct Infringement Theory and That Theory Should be Dismissed with Prejudice ............ 4

    C. Plaintiff's Conclusory Allegations of Vicarious Infringement are Insufficient and Her Vicarious Infringement Theory Should be Dismissed with Prejudice ................................................................. 5

    D. Plaintiff's Fails to Plead Facts Supporting Her Contributory Infringement Theory and It Should be Dismissed with Prejudice ........ 7

III. CONCLUSION .................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................ 6

*BackGrid USA, Inc. v. Twitter, Inc.*,
    No. CV 22-9462-DMG-ADX, 2024 U.S. Dist. LEXIS 103090
    (C.D. Cal. June 7, 2024) ................................................................................. 3, 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................ 4

*Epikhin v. Game Insight N. Am.*,
    No. 14-CV-04383-LHK, 2015 U.S. Dist. LEXIS 66188 (N.D. Cal.
    May 20, 2015) ........................................................................................................ 8

*Kilina Am. Inc. v. Bonded Apparel, Inc.*,
    No. CV 19-4018-PSG-SK, 2019 U.S. Dist. LEXIS 228186 (C.D.
    Cal. Nov. 19, 2019) ............................................................................................... 7

*Klauber Bros., Inc. v. Roma Costumes, Inc.*,
    No. 2:22-cv-04425-MEMF-MAR, 2023 U.S. Dist. LEXIS 100345
    (C.D. Cal. June 7, 2023) ........................................................................................ 3

*Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*,
    591 F. Supp. 2d 1098 (N.D. Cal. 2008) ................................................................. 3

*Minx Int'l, Inc. v. Club House Creations, Inc.*,
    No. 2:15-cv-05645-CAS-PLA, 2016 U.S. Dist. LEXIS 29615 (C.D.
    Cal. Mar. 7, 2016) .................................................................................................. 2

*Nat'l Photo Grp., LLC v. Allvoices, Inc.*,
    No. C-13-03627 JSC, 2014 U.S. Dist. LEXIS 9190 (N.D. Cal. Jan.
    24, 2014) ................................................................................................................ 9

*Perfect 10, Inc. v. Amazon.com, Inc.*,
    508 F.3d 1146 (9th Cir. 2007) ............................................................................ 8, 9

*Perfect 10, Inc. v. Giganews, Inc.*,
    847 F.3d 657 (9th Cir. 2017) ............................................................................ 7, 8

1  *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
2      494 F.3d 788 (9th Cir. 2007) ............................................................................. 2

3  *Reilly v. Wozniak*,
4      No. CV-18-03775-PHX-MTL, 2021 U.S. Dist. LEXIS 99861 (D.
       Az. May 26, 2021) ............................................................................................ 2
5
   *Stross v. Meta Platforms, Inc.*,
6      No. 2:21-cv-08023-MCS-AS, 2022 U.S. Dist. LEXIS 100689 (C.D.
7      Cal. Apr. 6, 2022) ......................................................................................... 3, 7

8  *Stross v. Zillow Inc.*,
       No. 2:21-cv-01489-RAJ-BAT, 2022 U.S. Dist. LEXIS 147735
9      (W.D. Wash. June 21, 2022) ..................................................................... 5, 6, 8

10 *Whitaker v. Tesla Motors, Inc.*,
11     985 F.3d 1173 (9th Cir. 2021) ............................................................................ 4

12 *YZ Prods. v. Redbubble, Inc.*,
13     545 F. Supp. 3d 756 (N.D. Cal. 2021) ................................................................ 9

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

As set forth in Defendant TikTok Inc.'s ("Defendant" or "TTI") Motion to Dismiss (the "Motion"), Plaintiff Elizabeth Waterman's ("Plaintiff") Complaint merely recites threadbare and conclusory allegations of copyright infringement. Dkt. 24 at 1. Plaintiff's Opposition to the Motion (the "Opposition") fails to identify any pleaded facts to suggest otherwise. *See* Dkt. 29. Plaintiff's Complaint should be dismissed.

## I. INTRODUCTION

Plaintiff argues—without support—that because she has lumped her direct, vicarious, and contributory copyright infringement claims into a single cause of action, the Court cannot dismiss any of them if any one theory is adequately pleaded. *See* Dkt. 29 at 8-9. Hiding deficiently-pleaded claims behind an adequately pleaded one is simply not proper and finds no support in *Twombly* and *Iqbal*. Moreover, numerous cases have come to the exact opposite conclusion advanced by Plaintiff. Regardless, Plaintiff fails to adequately plead any of her theories in the Complaint and Plaintiff's Opposition fails to save them for several reasons.

*First*, Plaintiff admits that "a direct infringement theory of liability has not been properly set forth in the Complaint." Dkt. 29 at 9. Further, Plaintiff does not contend that she would be able to plead direct infringement if given leave to amend. *See id.* This admitted deficiency requires dismissal of Plaintiff's direct copyright infringement theory <u>with</u> prejudice.

*Second*, Plaintiff contends she has adequately alleged vicarious copyright infringement, but the only pleaded allegations she identifies in support of this argument are conclusory recitations of the elements. Dkt. 29 at 4-6. Plaintiff's vicarious copyright infringement theory should be dismissed <u>with</u> prejudice.

*Third*, Plaintiff argues that contributory copyright infringement is "automatically established" by allegations of knowledge of infringement. Dkt. 29 at 6-8. This is not the standard and Plaintiff fails to allege facts supporting this theory

in any event. Plaintiff's contributory copyright infringement theory should be dismissed <u>with</u> prejudice.

## II. ARGUMENT

### A. The Court Should Separately Analyze and Dismiss Any of Plaintiff's Insufficiently Pleaded Infringement Theories

Realizing that the allegations for one or more of her infringement theories are deficient, Plaintiff argues that "Plaintiff does not assert separate claims for direct, vicarious, and/or contributory infringement, but rather a single claim that is based on any of those theories of liability. As a result, assuming that Plaintiff has plead [sic] a plausible claim on any ***one*** of those theories of infringement, dismissal of the claim is improper." Dkt. 29 at 9. Notably, Plaintiff does not cite any authority in support of this argument. *See id.* This Court routinely dismisses inadequately pleaded alternative theories and it should do so here.

Direct, contributory and vicarious copyright infringement theories are "related, but distinct" concepts. *See Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007) (noting that contributory infringement "is based on tort-law principles" whereas vicarious infringement is based on "agency principles"). For this reason, this Court and others in the Ninth Circuit have found that the theories "must be asserted as separate, independent claims." *Minx Int'l, Inc. v. Club House Creations, Inc.*, No. 2:15-cv-05645-CAS-PLA, 2016 U.S. Dist. LEXIS 29615, at *13 (C.D. Cal. Mar. 7, 2016) ("The FAC appears to assert a single claim," however, "claims for vicarious copyright infringement and contributory copyright infringement must be asserted as separate, independent claims") (quoting *Perfect 10, Inc.*, 494 F.3d at 802); *Reilly v. Wozniak*, No. CV-18-03775-PHX-MTL, 2021 U.S. Dist. LEXIS 99861, at *8 (D. Az. May 26, 2021) ("Contributory and vicarious copyright infringement are distinct claims with unique standards of proof that must be alleged separately from direct copyright infringement.").

When faced with a single claim asserting separate copyright infringement theories, Courts analyze the theories separately. *See Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 591 F. Supp. 2d 1098, 1103 n. 6 (N.D. Cal. 2008) ("Plaintiff organizes its Complaint . . . by treating contributory and vicarious copyright infringement as the same cause of action," because they "are distinct legal theories . . . the Court discusses each as a separate cause of action"); *Klauber Bros., Inc. v. Roma Costumes, Inc.*, No. 2:22-cv-04425-MEMF-MAR, 2023 U.S. Dist. LEXIS 100345, at *21 (C.D. Cal. June 7, 2023) (dismissing contributory and vicarious liability theories that "Plaintiff's Complaint lump[ed] into one cause of action" and ordering Plaintiff "to separate the two claims into separate causes of action" if it "elects to file an amended complaint").  Indeed, in *BackGrid USA, Inc. v. Twitter, Inc.*, a case on which Plaintiff relies extensively, the court separately analyzed plaintiff's infringement theories, even though plaintiff pleaded a claim of "direct, contributory, and vicarious copyright infringement." No. CV 22-9462-DMG-ADX, 2024 U.S. Dist. LEXIS 103090, at *1 (C.D. Cal. June 7, 2024).  Further, in *Stross v. Meta Platforms, Inc.*, a case on which both parties rely, plaintiff alleged a cause of action for both "vicarious and contributory infringement." No. 2:21-cv-08023-MCS-AS, 2022 U.S. Dist. LEXIS 100689, at *3 (C.D. Cal. Apr. 6, 2022).  Because plaintiff pleaded "the vicarious and contributory infringement theories in the alternative" the Court "treat[ed] them as separate theories" and proceeded to separately examine the allegations for each theory—granting defendant's motion to dismiss with respect to the vicarious infringement theory and denying it with respect to the contributory infringement theory. *Id.* at *3, 12.

Similarly here, each of Plaintiff's theories is pleaded in the alternative and should be addressed separately.  Dkt. 1 ¶ 30 ("Alternatively, . . . Defendant is liable for vicarious liability."), ¶ 33 ("Alternatively, . . . Defendant is liable for contributory infringement.").  Plaintiff cannot use her failure to plead each theory as a separate cause of action as a shield to protect any insufficiently pleaded theories.

The Court can, and should, analyze each of Plaintiff's theories and dismiss any theory that it finds deficient. As set forth below, Plaintiff fails to plausibly allege facts supporting *any* theory and the Complaint should be dismissed with respect to all three infringement theories.

### B. Plaintiff Admits She Failed to Plead a Direct Infringement Theory and That Theory Should be Dismissed with Prejudice

In its Motion, Defendant cited several cases that show Plaintiff has not—and cannot—plausibly allege that Defendant engaged in any volitional conduct required to support a direct copyright infringement claim. Dkt. 24 at 3-6. Plaintiff agrees: "based on the caselaw Defendant has cited in the Motion, it does appear that a direct infringement theory of liability has not been properly set forth in the Complaint." Dkt. 29 at 9.

Still, Plaintiff contends her direct infringement theory should proceed because "discovery with respect to her other theories of liability . . . very well *could reveal* additional facts to support a direct liability theory." Dkt. 29 at 9 (emphasis added). Plaintiff's speculation that she may some day in the future unearth information sufficient to plead a direct infringement theory is not sufficient. *E.g. Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021) ("Our case law does not permit plaintiffs to rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery.") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)). "Hoping" to find facts during discovery does not give Plaintiff a pass on satisfying the pleading requirements under *Twombly* and *Iqbal*.

Moreover, Plaintiff does not even contend that she would be able to adequately plead direct infringement if given leave to amend. *See* Dkt. 29 at 9. She has already had the opportunity to replead in response to this motion and failed to do so. Plaintiff's direct copyright infringement theory must be dismissed <u>with</u> prejudice.

### C. Plaintiff's Conclusory Allegations of Vicarious Infringement are Insufficient and Her Vicarious Infringement Theory Should be Dismissed with Prejudice

The parties agree that pleading vicarious copyright infringement requires allegations that TTI (1) exercises control over the infringing conduct and (2) has a direct financial interest in the infringing activity. Dkt. 24 at 6; Dkt. 29 at 4.

As to the first element, for the reasons set forth in Defendant's Motion, Plaintiff has failed to allege any facts to plausibly suggest that TTI exercises control over the infringing conduct. Dkt. 24 at 6-7. To argue otherwise, Plaintiff cites to cases where the Court found allegations relating to control sufficient. Dkt. 29 at 4-5 (citing *Stross v. Zillow Inc.*, No. 2:21-cv-01489-RAJ-BAT, 2022 U.S. Dist. LEXIS 147735, at *21 (W.D. Wash. June 21, 2022) and *BackGrid USA*, 2024 U.S. Dist. LEXIS 103090, at *13). However, the complaints in both cases included *factual* allegations relating to defendants' control over the infringing content and the contents of DMCA takedown notices submitted in those cases.

For example, in *BackGrid* the Plaintiff alleged that its takedown notices contained links to the specific acts of infringement at issue and Plaintiff pleaded facts relating to Twitter's advertising and copyright policies to establish control. *BackGrid USA*, 2024 U.S. Dist. LEXIS 103090, at *10, *14-15. This included allegations that Twitter plays an "active role" in positioning the infringing content alongside advertisements to increase its own revenue, and details relating to Twitter's literal and technical ability to remove content. *Id.* at *2-3. These underlying facts supported Plaintiff's allegation that Twitter had the "literal power to stop or limit the infringement." *Id.* at *14 (citation and quotation omitted).

Similarly, in *Stross* the Plaintiff attached the DMCA takedown notices to the complaint and the Court, looking at the "face" of the takedown notices, found Zillow had the "technical ability" to identify and remove the images at issue based on the contents of the notices. *Zillow Inc.*, 2022 U.S. Dist. LEXIS 147735, at *19-20.

Zillow's technical ability was not established by the takedown notice alone; rather, Plaintiff presented facts relating to Zillow's practice of employing "automated programming" to remove images from its website upon the expiration of licensing agreements and that the automated program failed to remove the subject images when required. *Id.* at *4-5. It was in this context that the Court found Plaintiff sufficiently alleged "control."

In contrast, all Plaintiff alleges here is that she sent takedown notices. Dkt. 1 ¶¶ 21-22. Notably missing from her Complaint are any details relating to the contents of the notices or any allegations to suggest that TTI has the requisite control, such as facts relating to TTI's policies, practices, or technical abilities. *See* Dkt. 24 at 6-7. Plaintiff has not alleged that TTI has the requisite control.

As to the second element, Plaintiff would have the Court believe that she adequately alleged that "Defendant received a financial benefit through the increased traffic" to TikTok and contends that Defendant's arguments to the contrary "is simply a parsing of words." Dkt. 29 at 5-6. Plaintiff's argument misses the point. Her threadbare, conclusory allegation relating to this element is wholly unsupported by any facts and cannot survive dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient).

The only allegation that Plaintiff identifies as relating to this element—and the only allegation that even tangentially relates to Defendant's alleged financial interest in the infringing conduct—is reproduced below, in its entirety:

> Defendant has a direct financial interest in the profits from the infringing activity. A direct financial interest can involve increased traffic.

Dkt. 1 ¶ 32; Dkt. 29 at 5-6. Nowhere in the Complaint does Plaintiff plead facts to suggest that TTI, or any of its users, derive any "profits from the infringing activity." *See* Dkt. 1. Nowhere in the Complaint does Plaintiff plead any facts to suggest that

TTI has "a direct financial interest" in any such profits. *Id.* Nowhere in the Complaint does Plaintiff plead any facts to suggest that the alleged infringing activity has caused any "increased traffic" to TikTok. *Id.* Nowhere in the Complaint does Plaintiff plead any facts to suggest that an increase in traffic to TikTok, even if present here, would lead to financial benefit to TTI. *Id.* The Complaint does not contain any facts relating to how TTI generates revenue generally or how or whether TTI derives revenue from user-created content, let alone any facts to suggest that TTI derived revenue from the images at issue here.

In short, the Complaint is devoid of any factual allegations suggesting that TTI has any financial interest in the allegedly infringing content posted by its users or that "customers were drawn to [TTI's] services **because of the infringing [content] at issue**." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 673-74 (9th Cir. 2017); *see also Meta Platforms, Inc.*, 2022 U.S. Dist. LEXIS 100689, at *8 (dismissing vicarious liability claim where the complaint alleged that "40% of the traffic" on Facebook related to pages with "copyright-infringed content" but lacked any allegations that plaintiff's works were a draw to Facebook's users).

Plaintiff's Complaint is clearly deficient and her inability to present facts supporting the requisite control or direct financial interest element renders amendment of the Complaint futile. *See Kilina Am. Inc. v. Bonded Apparel, Inc.*, No. CV 19-4018-PSG-SK, 2019 U.S. Dist. LEXIS 228186, at *6-7 (C.D. Cal. Nov. 19, 2019) (dismissing vicarious copyright infringement claim without leave to amend where the complaint included only "threadbare recitals of the elements").

Plaintiff's vicarious copyright infringement theory should be dismissed <u>with</u> prejudice.

### D. Plaintiff's Fails to Plead Facts Supporting Her Contributory Infringement Theory and It Should be Dismissed with Prejudice

In addition to alleging direct infringement by a third party, pleading

1  contributory copyright infringement requires factual allegations (1) of defendant's
2  knowledge of that third party's direct infringement; and (2) that the defendant
3  materially contributed to that infringement. *Giganews*, 847 F.3d at 670. For the
4  material contribution element, Plaintiff must allege that TTI "can take simple
5  measures to prevent further damage to copyrighted works, yet continues to provide
6  access." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1172 (9th Cir. 2007)
7  (citation omitted).

8   Plaintiff collapses this inquiry to a single element, arguing "[a]ctual
9  knowledge automatically establishes a 'material contribution' theory of contributory
10 infringement." Dkt. 29 at 7 (citing *Giganews*, 847 F.3d at 671). Plaintiff is wrong.
11 In the case Plaintiff cites in support of this argument, *Giganews*, the Ninth Circuit
12 found the material contribution element *was not* satisfied "[e]ven assuming that
13 [Plaintiff's] takedown notices were sufficient to confer actual knowledge on
14 [Defendant]." 847 F.3d at 671 (rejecting the contributory infringement theory and
15 finding "Giganews was not able to take simple measures to remove infringing
16 materials"); *see also Zillow Inc.*, 2022 U.S. Dist. LEXIS 147735, at *20 (finding the
17 complaint sufficiently alleged Zillow "had actual knowledge" but "the Court is
18 unable to conclude that the information contained in the DMCA Takedown Notice
19 was specific enough to allow Zillow to take 'simple measures' to remedy the
20 violation"). There is no "automatically establishing" these elements and Plaintiff
21 failed to plead facts for either element.

22  As set forth in Defendant's Motion, the Complaint merely offers the
23 conclusion that Plaintiff provided takedown notices to Defendant, without pleading
24 any facts or context relating to, among other things, the contents of the notices. Dkt.
25 24 at 9-10; *see also supra* Section II.C. Plaintiff's conclusory allegations are
26 insufficient to suggest that TTI had actual notice of the specific instances of
27 infringement at issue in the Complaint. *See Epikhin v. Game Insight N. Am.*, No. 14-
28 CV-04383-LHK, 2015 U.S. Dist. LEXIS 66188, at *13-14 (N.D. Cal. May 20, 2015)

("threadbare assertions that [defendant] had knowledge of the infringing acts relating to Plaintiff's copyrighted works" are insufficient); *see YZ Prods. v. Redbubble, Inc.*, 545 F. Supp. 3d 756, 764 (N.D. Cal. 2021) (dismissing contributory infringement claims where the Complaint only contained conclusory allegations that "Plaintiff notified Defendant of its infringement" and that "Defendant had specific knowledge of the Infringing Goods").

Similarly, the Complaint fails to plead facts supporting the material contribution element. *See* Dkt. 24 at 10. As set forth above, the material contribution element requires factual allegations that defendant (a) "can take simple measures to prevent further damage;" and (b) "continues to provide access." *Amazon.com*, 508 F.3d at 1172. Throughout Plaintiff's Opposition, Plaintiff only references her allegations that she sent "takedown notices" and that TTI "failed to act." Dkt. 29 at 10 ("Plaintiff has purported that Defendant had actual knowledge of the infringements via the DMCA takedown notices provided, yet failed to act"). That is because the Complaint only includes those allegations. *See* Dkt. 1 ¶¶ 21-22. Wholly absent from Plaintiff's Complaint are any "simple measures" that TTI could have taken—there are no allegations relating to what "act" TTI allegedly failed to take. *See id.* Plaintiff's allegations are insufficient. *Nat'l Photo Grp., LLC v. Allvoices, Inc.*, No. C-13-03627 JSC, 2014 U.S. Dist. LEXIS 9190, at *21 (N.D. Cal. Jan. 24, 2014) (dismissing contributory infringement claim where the complaint "fails to allege what 'simple measures' Defendant failed to take to prevent further damage to the copyrighted photographs").

Plaintiff's contributory copyright infringement theory should be dismissed <u>with</u> prejudice.

### III. CONCLUSION

For the foregoing reasons, TTI respectfully asks the Court to grant its Motion and dismiss Plaintiff's Complaint.

Dated: October 4, 2024

DORSEY & WHITNEY LLP

By: /s/ J. Michael Keyes
J. Michael Keyes (SBN 262281)
  keyes.mike@dorsey.com
Connor J. Hansen (*pro hac vice*)
  hansen.connor@dorsey.com
Dylan J. Harlow (*pro hac vice*)
  harlow.dylan@dorsey.com
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA
Telephone:  206.903.8800
Facsimile:  206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  schmidt.kent@dorsey.com
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone:  714.800.1400
Facsimile:  714.800.1499

*Attorneys for Defendant TikTok, Inc.*

## L.R. 11-6.2. Certificate of Compliance

The undersigned, counsel of record for Defendant TikTok, Inc. certifies that this brief contains 2814 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 4, 2024

/s/ J. Michael Keyes
J. Michael Keyes, SBN 262281

# CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2024, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record. Any counsel of record who has not consented to electronic service through the Court's CM/ECF system will be served by electronic mail.

*/s/ J. Michael Keyes*
J. Michael Keyes, SBN 262281