Lauren M. Hausman (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

*Attorney for Plaintiff*
*Elizabeth Waterman*

DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
*keyes.mike@dorsey.com*
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile: 206.903.8820
[Additional counsel listed on signature page]

*Attorneys for Defendant TikTok, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| ELIZABETH WATERMAN, | Case No. 2:24-cv-04802-AB-AJR |
|---|---|
| Plaintiff, | *Hon. André Birotte Jr.* |
| v. | **JOINT RULE 26(f) REPORT** |
| TIKTOK, INC., | Scheduling Conference: November 1, 2024 |
| Defendant. | Time: 10:00 a.m. |
| | Location: Courtroom 7B |
| | Original Complaint: June 7, 2024 |
| | Trial (Proposed): October 28, 2025 |

1

JOINT RULE 26(f) REPORT                    Case No. 2:24-cv-04802-AB-AJR

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's Order Setting Scheduling Conference, Dkt. 26, Plaintiff Elizabeth Waterman ("Plaintiff") and Defendant TikTok, Inc. ("Defendant" or "TTI") respectfully submit this Joint Rule 26(f) Report, following their meeting of counsel on October 3, 2024.

A. **Statement of the Case**.

   i. *Plaintiff*: Plaintiff asserts one (1) count of copyright infringement against Defendant with respect to the alleged unauthorized display and failed to take action or exercise its control to remove two (2) of Plaintiff's Work.  The single count is based on a theory of direct infringement, vicarious infringement, or contributory infringement

   ii. *Defendant*: The gravamen of Plaintiff's Complaint is that third parties created and posted videos to TikTok that allegedly contain Plaintiff's copyright protected photographs.  Plaintiff alleges that it sent TTI DMCA takedown notices and that TTI failed to remove the allegedly infringing third-party videos.  TTI denies that it has engaged in any acts of direct infringement, vicarious infringement, or contributory infringement.  While TTI has not yet filed an Answer, it expects to assert important affirmative defenses, including that any use of Plaintiff's photographs is fair use under 15 U.S.C. § 107, that TTI is immune from liability, and/or that Plaintiff has not been damaged by any alleged infringement.  TTI denies that Plaintiff is entitled to any damages or other relief sought through the Complaint.  Defendant's investigation of this matter is ongoing and it reserves the right to raise additional affirmative defenses and/or counterclaims as this case progresses.

B. **Subject Matter Jurisdiction**. Plaintiff: Because the Complaint asserts one

(1) count of copyright infringement with respect to the alleged unauthorized display and failure to take action or exercise control to remove two (2) of Plaintiff's copyrighted photographs (the "Work") arising under the Copyright Act, subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant (which has a principal place of business located at 5800 Bristol Parkway, Suite 100, Culver City, CA 90230) resides or may be found in this district.

The parties agree that federal jurisdiction exists.

C. **Legal Issues**

   i. Plaintiff states that the key legal issues are as follows: Defendant's liability for the alleged unauthorized display and failure of removal of Plaintiff's photographs and the amount to be awarded to Plaintiff in damages.

   ii. Defendant states that the key legal issues are as follows: whether Plaintiff's copyright registrations are valid; whether the photographs identified in the Complaint are protected by Plaintiff's copyright registrations; whether Plaintiff's DMCA takedown notices are legally sufficient; whether Plaintiff considered fair use before sending its DMCA takedown notices; whether TTI had any obligation to remove the allegedly infringing third-party videos from TikTok; whether TTI has engaged in any volitional conduct to support Plaintiff's direct copyright infringement theory; whether TTI had the requisite knowledge of and material contribution to its user's alleged infringement needed to support Plaintiff's contributory infringement theory; whether TTI has the requisite control and direct financial benefit needed to support Plaintiff's alleged vicarious copyright

infringement theory; whether the third party use of Plaintiff's photographs are a fair use; whether any of TTI's affirmative defenses bar Plaintiff's claims; whether Plaintiff has suffered any harm; whether Plaintiff is entitled to any damages.

D. **Parties, Evidence, etc**.

    i. *Parties:* Parties in this matter are Plaintiff and Defendant. The parties designated in this suit are most likely to have relevant knowledge. The Parties do not currently anticipate any other parties being added. Defendant TikTok Inc. is a wholly owned subsidiary of TikTok LLC, which is wholly owned subsidiary of TikTok Ltd. TikTok Ltd. is a wholly owned subsidiary of Bytedance Ltd., a privately held company.

    ii. *Evidence:* <u>Plaintiff</u> identifies the following documents and things on which they may rely: Key documents include the Certificate of Registration from the Register of Copyrights, images documenting where the Photograph appeared/was displayed on Defendant's website, takedown notices provided to defendant.

<u>Defendant</u> identifies the following documents and things on which they may rely: Plaintiff's licensing agreements relating to the photographs at issue; Plaintiff's financial records relating to the photographs at issue; documents relating to Plaintiff's prior enforcement of the copyrights at issue; Plaintiff's correspondence with and records from the copyright office; documents and communications relating to Plaintiff's discovery of the allegedly infringing videos; documents and communications relating to Plaintiff's investigation of the allegedly infringing videos before sending the takedown notices, including whether they considered fair

use; takedown notices relating to the photographs at issue; documents in the possession of the third parties who created and posted the allegedly infringing videos. Defendant's investigation of this matter is ongoing and it reserves the right to identify and rely on additional categories of documents as this case progresses.

E. **Damages.**

a) Plaintiff seeks either actual damages/disgorgement of Defendant's profits or statutory damages in this lawsuit. Defendant's profits are currently unknown (as discovery is pending). Plaintiff will make an election of actual damages/disgorgement or statutory damages at the appropriate time. As of the current date, Plaintiff does not know precisely when Defendant first began infringing the Work and/or when Defendant removed the Work from its website, webpage, and/or social media and, therefore, it is not currently possible to determine actual damages. To the extent Plaintiff elects to pursue statutory damages, the standard (non-willful, non-innocent) range for such damages is $750.00 - $30,000.00, subject to the Court's/jury's discretion. Such damages may be increased up to $150,000.00 if an infringement is found to be willful.

b) Defendant denies that Plaintiff has plausibly alleged, or will be able to prove, any actual damages. TTI denies that it made any profits from the alleged third-party infringement and denies that Plaintiff is entitled to a disgorgement of any profits. If anything, Plaintiff may be entitled to a reasonable royalty based on its prior licensing agreements, the amount of which is in the control of Plaintiff. TTI's alleged infringement has not been willful and any statutory damages should be limited to the minimum amount permitted under the law.

        Regardless, TTI denies that Plaintiff is entitled to any damages because TTI is not liable for the conduct alleged in the Complaint. Defendant intends to seek its attorneys' fees and costs for defending this action pursuant to 15 U.S.C. § 505 and any other applicable law.

F. **Insurance**. Plaintiff is not presently aware of any applicable insurance agreement. Defendant is not presently aware of any applicable insurance relating to the claims at issue in this dispute.

G. **Motions**. At this time, Defendant has filed a Motion to Dismiss and Reply in support thereof. Dkt. 24, Dkt. 30. Plaintiff has filed its opposition. Dkt. 29. The Motion is fully briefed and the Motion has been taken under submission. Dkt. 33.

    Defendant filed a Notice of Related Cases on July 23, 2024 (Dkt. 21), asking the Court to find this case is related to *Michael Grecco Productions, Inc. v. TikTok Inc.*, Case No. 2:24-cv-04837-FLA-MAR, which is currently pending before Honorable Judge Fernando L. Aenlle-Rocha. The Court has not yet issued an order relating to the Notice of Related Cases.

H. **Dispositive Motions.** Plaintiff believes that liability on the claim for copyright infringement can be determined by a summary judgment motion. Defendant may file a motion for summary judgment on Plaintiff's claims, on TTI's fair use defense, and/or on any other affirmative defenses or counterclaims that Defendant asserts. Defendant reserves the right to file any other dispositive motion as the need to do so arises.

I. **Manual for Complex Litigation.** The Parties do not believe this case necessitates the procedures of the Manual for Complex Litigation.

J. **Status of Discovery**. The Parties have not yet begun engaging in discovery and have agreed to begin discovery following a ruling on Defendant's Motion to Dismiss and after Defendant files an Answer.

K. **Discovery Plan.**

    i. *Plaintiff:* Plaintiff anticipates taking at least one deposition (e.g., a 30(b)(6) deposition of Defendant). If, in the course of paper discovery additional individuals with relevant knowledge are disclosed, Plaintiff will consider taking their deposition as well. Plaintiff anticipates issuing at least one set of Request for Admissions, Interrogatories and Request for Production.

    ii. *Defendant:* Defendant anticipates taking at least a deposition of Plaintiff Elizabeth Waterman. Defendant anticipates that third party discovery may be needed from the third parties who created or posted the allegedly infringing videos on TikTok, and/or from third parties who created, licensed, or assigned the photographs at issue. Defendant reserves the right to depose any other persons identified as having discoverable information during the course of discovery. Defendant anticipates utilizing Requests for Production, Interrogatories, and Requests for Admission.

    iii. *Parties:* The Parties do not believe that there needs to be changes under Rule 26(a) disclosures, other than the parties' agreement to delay discovery until the Motion to Dismiss is decided. At this time, the Parties do not request any variance from the discovery limitations imposed by Local Rule and/or the Federal rules of Civil Procedure. The Parties propose that they conduct general discovery, without the need for discovery to be limited in phases. The Parties will agree on reasonable procedures for discovery of electronically stored information and anticipate submitting a Proposed Order Regarding Discovery of Electronically Stored Information ("ESI") for the Court's review and approval. The Parties agree that the "claw-back"

of inadvertently produced privileged or trial preparation materials shall be governed by the applicable provisions of Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502(d), and that such inadvertent production and "claw back" shall not constitute any waiver of such privileges.  The parties agree that any privileged information or work product created after the filing date of the Complaint does not need to be recorded in any privilege logs that may be requested throughout this proceeding.

    iv. *Subjects on Which Discovery May be Needed*:

Plaintiff anticipates that discovery will be required on: (1) the extent each photograph comprising the Work was used for; (2) the receipt of Plaintiff's takedown notices; (3) Defendant's communications regarding the receipt of Plaintiff's takedown notices; (4) Defendant's policy/procedures in removing copyrighted work; and (5) Plaintiff's damages.

Defendant anticipates that discovery will be required on:  (1) the validity and enforceability of Plaintiff's copyright registrations; (2) Plaintiff's creation of the photographs at issue; (3) Plaintiff's discovery of and investigation into the allegedly infringing videos; (4) Plaintiff's analysis of fair use and other factors when preparing and sending its takedown notices; (5) the legal sufficiency of Plaintiff's takedown notices; (6) Plaintiff's prior enforcement of its copyrights, including any settlement agreements relating to the copyright registrations at issue; (7) Plaintiff's licensing practices generally and licensing agreements for the copyright registrations and photographs at issue; (8) Defendant's affirmative defenses; and (9) third party discovery on these topics.

      v.    *Other Orders*: The parties anticipate submitting a Stipulated Protective Order for the Court's approval. The Stipulated Protective Order will address the designation and treatment of confidential information produced during discovery.

L. **Discovery Cut-Off:** The parties' proposed fact discovery cutoffs are included in the attached Exhibit A. The parties agree that there is no need to conduct discovery in phases.

M. **Expert Discovery.** The Parties agree that expert discovery should take place in accordance with the Federal Rules of Civil Procedure 26(a)(2), with no modifications thereto. The Parties' proposed schedules for expert discovery are set forth in Exhibit A hereto.

N. **Settlement.** The Parties discussed settlement at their first meet and confer, but have not come to an agreement and have not continued settlement discussions. Plaintiff believes, pursuant to L.R. 16-15.4, either ADR Procedure NO.1 or ADR Procedure No. 2 would be acceptable. Defendant prefers private mediation under ADR Procedure No. 3.

O. **Trial Estimate.** The Parties estimate trial will take between 4-5 days. Plaintiff anticipates calling 2-5 witnesses. Defendant anticipates calling 2-5 witnesses. Defendant demands a jury trial.

P. **Trial Counsel.** Counsel for Plaintiff is Lauren Hausman and Jonathan Alejandrino. Counsel for Defendant is J. Michael Keyes, Connor J. Hansen, Dylan J. Harlow, and Kent Schmidt, all of Dorsey & Whitney LLP.

Q. **Independent Expert or Master.** The Parties do not believe that the Court needs to appoint an independent expert or master at this time.

R. **Schedule Worksheet.** The Parties have attached a Schedule of Pretrial and Trial Dates Worksheet hereto as Exhibit A. Defendant's proposed deadlines for all dates, other than the trial date and final pre-trial conference date, are

the same as those the Parties agreed to and proposed in related case *Michael Grecco Productions, Inc. v. TikTok Inc.*, No. 2:24-cv-04837-FLA-MAR.

S. **Other Issues**. The Parties are unaware of any other issues that should be brought to the Court's attention at this time that would affect the status or management of the case. No proposals for severance, bifurcation, or other ordering of proof has been raised by either party.

The parties agree all documents relating to this case may be served via email to counsel of record for the opposing party.

| | |
|---|---|
| COPYCAT LEGAL PLLC<br>113 North San Vicente Boulevard<br>Suite 232<br>Beverly Hills, CA 90211<br>Telephone: (877) 437-6228<br>lauren@copycatlegal.com<br>jonathan@copycatlegal.com<br><br>*Attorneys for Plaintiff*<br><br>By: /s/ Lauren M. Hausman<br>     Lauren M. Hausman, Esq.<br>     Jonathan Alejandrino, Esq. | DORSEY & WHITNEY LLP<br><br>By: /s/ *Connor J Hansen*<br>J. Michael Keyes (SBN 262281)<br>*keyes.mike@dorsey.com*<br>Connor J. Hansen (*pro hac vice*)<br>*hansen.connor@dorsey.com*<br>Dylan J. Harlow (*pro hac vice*)<br>*harlow.dylan@dorsey.com*<br>Columbia Center<br>701 Fifth Avenue, Suite 6100<br>Seattle, WA 98104<br>Telephone: 206.903.8800<br>Facsimile: 206.903.8820<br><br>DORSEY & WHITNEY LLP<br>Kent J. Schmidt (SBN 195969)<br>*schmidt.kent@dorsey.com*<br>600 Anton Boulevard, Suite 200<br>Costa Mesa, CA 92626<br>Telephone: 714.800.1400<br>Facsimile: 714.800.1499<br><br>*Attorneys for Defendant* |

## ATTESTATION PER LOCAL RULE 5-4.3.4

The e-filing attorney hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

/s/ Lauren M. Hausman
Lauren M. Hausman, Esq.

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 18, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

                         /s/ Lauren M. Hausman\_\_\_
                         Lauren M. Hausman, Esq.