Lauren M. Hausman, (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

*Attorney for Plaintiff*
*Elizabeth Waterman*

DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
*keyes.mike@dorsey.com*
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile: 206.903.8820
[Additional counsel listed on signature page]

*Attorneys for Defendant TikTok, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH WATERMAN,<br><br>Plaintiff,<br><br>v.<br><br>TIKTOK, INC.,<br><br>Defendant. | Case No. 2:24-cv-04802-SRM-AJR<br><br>*Hon. Serena R. Murillo*<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Plaintiff Elizabeth Waterman ("Plaintiff") and Defendant TikTok, Inc. ("Defendant") hereby file this Joint Case Management Pursuant to the Court's Reassignment Order [Dkt. 44], and state as follows:

a) The case was filed on June 7, 2024, in the United States District Court for the Central District of California (2:24-cv-04802-SRM-AJR).

b) The Plaintiff is Elizabeth Waterman. Defendant in this matter is TikTok, Inc.

c) Plaintiff's complaint is for (1) vicarious copyright infringement; and (2) contributory copyright infringement. Both counts relate to Defendant's alleged unauthorized display and failure to take action or exercise its control to remove two (2) of Plaintiff's Work from the TikTok platform. *See* Dkt. 37. Defendant denies Plaintiff's allegations and has asserted seventeen affirmative defenses, including that the alleged use of Plaintiff's Work by third parties constitutes a fair use under 17 U.S.C. § 107.

d) The events underlying the action are as follows: Plaintiff alleges that on multiple dates after each photograph comprising Plaintiff's Work was registered, one or more of Defendant's users caused each photograph comprising the Work to be displayed/published on Defendant's TikTok platform. Following discovery of the photographs comprising the Work on the TikTok app, Plaintiff sent multiple Digital Millennium Copyright Act (the "DMCA") takedown notices to Defendant through its designated agent. Defendant failed and/or refused to remove the Work from its website/social media app. Defendant denies Plaintiff's allegations.

e) The relief being sought by Plaintiff are as follows:
    i. A declaration that Defendant has vicariously infringed Plaintiff's copyrights in the Work;
    ii. A declaration that such contributory infringement is willful;

1    iii.   An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

iv.   Awarding Plaintiff her costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

v.   Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

vi.   Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

vii.   Other relief the Court deems just and proper.

As for calculation of damages, Defendant's profits are currently unknown (as discovery is pending). Plaintiff will make an election of actual damages/disgorgement or statutory damages at the appropriate time. As of the current date, Plaintiff does not know precisely when Defendant first began infringing the Work and/or when Defendant removed the Work from its website, webpage, and/or social media and, therefore, it is not currently possible to determine actual damages. To the extent Plaintiff elects to pursue statutory damages, the standard (non-willful, non-innocent) range for such damages is $750.00 - $30,000.00, subject to the Court's/jury's discretion. Such damages may be increased up to $150,000.00 if an infringement is found to be willful.

Defendant denies that Plaintiff is entitled to any of the relief that she seeks. Defendant will request recovery of its attorneys' fees and costs associated with its

defense of this matter pursuant to 17 U.S.C. § 505.

  f)  The close of fact discovery is scheduled for May 16, 2025. Dkt. 39. The expert discovery cut-off is scheduled for June 20, 2025. Defendant has served its Initial Disclosures as well as a First Set of Interrogatories and a First Set of Requests for Production on Plaintiff. Plaintiff has not served its Initial Disclosures or any written discovery requests. Defendant anticipates taking at least one deposition, a deposition of Plaintiff, after Plaintiff responds to Defendant's written discovery requests. The Parties have not yet engaged in expert discovery.

  g)  Procedural history of the case:

    i. On June 7, 2024, Plaintiff filed her Complaint. Dkt. 1.

    ii. On June 11, 2024, Defendant was served the Summons and Complaint. *See* Dkt. 11.

    iii. On August 19, 2024, Defendant filed a Notice of Motion and Motion to Dismiss Complaint. Dkt. 24.

    iv. On September 20, 2024, Plaintiff filed its Memorandum in Opposition to Defendant's Motion to Dismiss Complaint. Dkt. 29.

    v. On October 4, 2024, Defendant filed its Reply to Plaintiff's Opposition to the Motion to Dismiss. Dkt. 30.

    vi. On October 18, 2024, the Parties filed their Joint 26(f) Report. Dkt. 34.

    vii. On October 30, 2024, the Court Granted Defendant's Motion to Dismiss Plaintiff's Complaint and Plaintiff's request for leave to amend her complaint. Dkt. 35, Dkt. 36.

    viii. On November 20, 2024, Plaintiff filed her First Amended Complaint. Dkt. 37.

    ix. On December 2, 2024, the Court referred the Parties to ADR Proceeding No. 3, Private Mediation, to be held no later than

August 22, 2025. Dkt. 38.

x. On December 2, 2024, the Court issued an Order Re: Civil Jury/Court Trial, setting forth the schedule for this case. Dkt. 39.

xi. On December 18, 2024, the Defendant filed its Answer to Plaintiff's First Amended Complaint. Dkt. 42.

h) The following deadlines were in place before reassignment and are as follows:

| Date | Deadline |
|---|---|
| 05/16/2025 | Non-Expert Discovery Cut-Off |
| 05/23/2025 | Expert Disclosure (Initial) |
| 06/06/2025 | Expert Disclosure (Rebuttal) |
| 6/20/2025 | Expert Discovery Cut-Off |
| 08/01/2025 | Last Date to Hear Motions:<br>• Rule 56 Motion due at least 5 weeks before<br>• Opposition due 2 weeks after motion is filed<br>• Reply due 1 week after Opposition is filed |
| 08/22/2025 | Deadline to Complete Settlement Conference |
| 8/29/2025 | Trial Filings (at least 3 weeks before FPTC):<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law<br>• Witness Lists<br>• Joint Exhibit List<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Face and Conclusions of Law<br>• Declarations containing Direct Testimony |
| 09/12/2025 | Trial Filings (at least 2 weeks before FPTC):<br>• Oppositions to Motions in Limine<br>• Joint proposed final Pretrial Conference Order<br>• Joint/Agreed Proposed Jury Instructions<br>• Disputed Proposed Jury Instructions<br>• Joint Proposed Verdict Forms<br>• Joint Proposed Statement of the Case |

|  | • Proposed Additional Voir Dire Questions<br>• Evidentiary Objections to Decision of Direct Testimony |
|---|---|
| 10/10/2025 | Final Pretrial Conference, Hearing on Motions in Limine at 11:00am |
| 10/27/2025 | Jury Trial at 8:30am (3 days) |

      i)      The Parties do not request any modifications to the dates above at this time.

      j)      Plaintiff would consent to a magistrate judge for trial. Defendant does not consent to a magistrate judge for trial.

      k)      The Parties believe there is no immediate need for a case management conference.

      l)      The Parties do not request any immediate relief regarding the case schedule.

Respectfully submitted, March 18, 2025.

COPYCAT LEGAL PLLC
113 North San Vicente Boulevard
Suite 232
Beverly Hills, CA 90211
Telephone: (877) 437-6228
lauren@copycatlegal.com

*Attorneys for Plaintiff*

By: /s/ Lauren M. Hausman, Esq._____
     Lauren M. Hausman, Esq

    .

| | | |
|---|---|---|
| Dated: March 18, 2025 | | DORSEY & WHITNEY LLP |

By:  */s/ Connor J. Hansen*
Connor J. Hansen (*pro hac vice*)
 hansen.connor@dorsey.com
J. Michael Keyes (SBN 262281)
 keyes.mike@dorsey.com
Dylan Harlow (*pro hac vice*)
 harlow.dylan@dorsey.com
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA
Telephone:  206.903.8800
Facsimile:  206.903.8820

Kent J. Schmidt (SBN 195969)
 schmidt.kent@dorsey.com
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone:  714.800.1400
Facsimile:  714.800.1499

*Attorneys for Defendant TikTok, Inc.*

## **ATTESTATION PER LOCAL RULE 5-4.3.4**

The e-filing attorney hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

/s/ Lauren M. Hausman___
Lauren M. Hausman, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Lauren M. Hausman
Lauren M. Hausman, Esq.