DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
 keyes.mike@dorsey.com
Connor J. Hansen (*pro hac vice*)
 hansen.connor@dorsey.com
Dylan J. Harlow (*pro hac vice*)
 harlow.dylan@dorsey.com
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile:  206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
 schmidt.kent@dorsey.com
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone:  714.800.1400
Facsimile:   714.800.1499

*Attorneys for Defendant TikTok, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ELIZABETH WATERMAN,<br><br>　　　　Plaintiff,<br>　v.<br>TIKTOK, INC.<br><br>　　　　Defendant. | Case No. 2:24-cv-04802-SRM-AJR<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Honorable A. Joel Richlin |

**1.   GENERAL**

　　1.1   <u>Purposes and Limitations</u>.  Discovery in this action is likely to involve the production or disclosure of trade secret, confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated

Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2   <u>Good Cause Statement</u>. This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical, proprietary and/or other private information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials consist of, among other things, (a) documents, electronically stored information, and/or things as defined in the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings, (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. Confidential and proprietary information includes but is not limited to confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses

of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.    DEFINITIONS**

2.1    Action: this pending federal lawsuit captioned *Elizabeth Waterman v. TikTok, Inc.*, No. 2:24-cv-04802-SRM-AJR.

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as

3

an expert witness or as a consultant in this Action.

2.8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: particularly sensitive and/or proprietary information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, that the Disclosing Party reasonably believes would create a substantial risk of serious harm if disclosed to a Party or Non-Party that could not be avoided by less restrictive means.

2.9 House Counsel: attorneys who are employees of a party to this Action, including their support staff. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.12 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY."

2.16 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**4.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development

5

process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  However, nothing in this section shall preclude the Designating Party from designating material or information as protected under this Order after it has been produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents,

or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIAL legend or the HIGHLY CONFIDENTIAL legend, as appropriate, to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, or at such other time as agreed between the parties.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the CONFIDENTIAL legend or the HIGHLY CONFIDENTIAL legend, as appropriate. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Failures to Designate</u>. If timely corrected, a failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order and a Receiving Party's failure to have made such a challenge at any previous time shall not prejudice its right to do so.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, <u>et</u> <u>seq.</u> Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

6.3    Burden. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner pursuant to industry standards that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the

8

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an

agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

  (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

  (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

  (3) make the information requested available for inspection by the Non-Party, if requested.

 (c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

 (d) Any Party issuing a subpoena to a Non-Party in this Action shall provide a copy of this Stipulated Protective Order to the Non-Party.

 (e) To the extent any information produced by a Non-Party contains a Party's Protected Material, that Party may designate such information, or portions thereof, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" consistent with the terms of this Stipulated Protective Order.

**10.** **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in

writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of material for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

Pursuant to Federal Rule of Evidence 502(d), if a Producing Party discloses information subject to protection by the attorney-client privilege, the work-product doctrine, or by any other legal privilege or doctrine protecting information from discovery, such disclosure, is not and shall not serve as a basis for claiming waiver of any applicable privilege or protection from discovery in this Action or in any other federal or state proceeding, to the maximum extent applicable.

(a) In the event that a Party discovers that it produced or disclosed Privileged Material, it shall provide written notice of the privilege claim to the Receiving Party (a "Clawback Notice"), sufficiently identifying the Privileged Material within a reasonable time of discovering the production or disclosure of Privileged Material.

(b) As soon as practicable after providing the Clawback Notice, the Producing Party shall provide (i) if only a portion of the document contains Privileged Material, a new copy of the document utilizing the same Bates Number(s) as the original that has been redacted to protect the Privileged Material; or

        (ii) if the entire document constitutes Privileged Material, a slipsheet identifying the same Bates Number(s) as the original, noting that the document has been withheld. Any Privileged Material that is the subject of a Clawback Notice will be included on a privilege log if and as required by the privilege-logging procedure agreed to by the Parties or ordered by the Court.

(c) Within ten (10) calendar days of receipt of a Clawback Notice (regardless of whether the Receiving Party agreed to or plans to challenge the Producing Party's privilege claim), the Receiving Party, including its vendors, consultants, Experts, and agents, must promptly return and destroy the Privileged Material and all copies thereof (the "Clawed-Back Material") and sequester any work product (such as notes) that reproduce, copy, are derived from, or otherwise disclose the substance of the Privileged Material ("Sequestered Work Product") and certify to the Producing Party when this return and destruction and sequestration is complete. If the Receiving Party does not challenge the Producing Party's Clawback Notice within 14 calendar days of receipt, the Receiving Party shall promptly destroy any Sequestered Work Product and certify to the Producing Party when this destruction is complete. If the Receiving Party raises a challenge within 14 calendar days of receiving the Clawback Notice, the Receiving Party shall be permitted to continue to sequester (rather than destroy) the Sequestered Work Product throughout as the parties work to resolve the dispute. In the event that the Producing Party withdraws a Clawback Notice or the Court orders the production or disclosure of the Clawed-Back Material, the Receiving Party need not continue to sequester the Sequestered Work Product. Within 7 days of the issuance of a Clawback Notice, the Producing Party shall produce a privilege log with respect to the Clawed-Back Material, if and as required

         by the privilege-logging procedures agreed to by the Parties or ordered by the Court.

    (d)    If a Receiving Party challenges a claim that Privileged Material specified in a Clawback Notice is privileged, the Receiving Party shall notify the Producing Party of its challenge within 14 calendar days of receiving the Clawback Notice. Within 14 calendar days of the Producing Party receiving notification of the challenge, the Parties shall meet and confer in an effort to resolve their disagreement. If the Parties are unable to resolve their disagreement, either Party may submit the issue to the Court for a determination. The Producing Party shall submit one copy of the Clawed-Back Material to the Court in camera (the "In Camera Copy") upon the Court's request. Nothing in this Order alters any party's burden of proof with respect to any dispute over whether Privileged Material is privileged.

The Receiving Party must not use or disclose the Sequestered Work Product covered by the Clawback Notice for any purpose until the Producing Party withdraws a Clawback Notice or the Court orders the production or disclosure of the Clawed-Back Material. In the event that a Receiving Party discovers that it has received or examined document(s) that are or reasonably appear to be subject to a claim of privilege by a Producing Party ("Potentially Privileged Material"), the Receiving Party promptly shall (i) sequester the document(s), and (ii) within 10 calendar days of such discovery, notify the Producing Party of the production of Potentially Privileged Material by identifying the Bates Range(s) of the document(s) at issue (a "Potentially Privileged Material Production Notice"). Upon the Producing Party receiving a Potentially Privileged Material Production Notice, the Producing Party shall have 10 calendar days to assert a claim of privilege over the identified information and provide a Clawback Notice (thereby invoking the Clawback process set forth above). The Producing Party shall also promptly provide any replacement

images as described above. If the Producing Party does not provide a Clawback Notice within the 10-day period, the information in question shall be deemed not to be Privileged Material or Protected Material. During the 10-day period, the Receiving Party shall not review, use, or disclose any such Potentially Privileged Material for any purpose.

The Parties agree that Federal Rule of Evidence 502(b) does not apply. This Stipulated Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

## 12. MISCELLANEOUS

12.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  <u>Filing Protected Material</u>.  The Parties agree that they will seek to file under seal any Protected Materials produced in this litigation.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 13. FINAL DISPOSITION

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must destroy all Protected Materials. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

**14.   VIOLATION OF ORDER**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  May 8, 2025

DATED:  May 8, 2025

By: */s/ Lauren M. Hausman*
COPYCAT LEGAL PLLC
Lauren M. Hausman (CA Bar No. 349514)
113 North San Vicente Boulevard
Suite 232
Beverly Hills, CA 90211
Telephone: (877) 437-6228
lauren@copycatlegal.com

*Attorney for Plaintiff*

By: */s/ J. Michael Keyes*
DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
*keyes.mike@dorsey.com*
Connor J. Hansen (*pro hac vice*)
*hansen.connor@dorsey.com*
Dylan J. Harlow (*pro hac vice*)
*harlow.dyaln@dorsey.com*
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
*schmidt.kent@dorsey.com*
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone:  714.800.1400
Facsimile:   714.800.1499

*Attorneys for Defendant*

1  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

3  DATED:_____    _____
4                            HON. A. JOEL RICHLIN
                             United States Magistrate Judge

## ATTESTATION PER LOCAL RULE 5-4.3.4

The e-filing attorney hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2025, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record. Any counsel of record who has not consented to electronic service through the Court's CM/ECF system will be served by electronic mail.

*/s/ J. Michael Keyes*
J. Michael Keyes, SBN 262281

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ _____[**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [**date**] in the case of *Elizabeth Waterman v. TikTok, Inc.*, No. 2:24-cv-04802-SRM-AJR.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____