Lauren M. Hausman (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff
ELIZABETH WATERMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH WATERMAN,<br><br>      Plaintiff,<br><br>v.<br><br>TIKTOK, INC.,<br><br>      Defendant. | Civil Action No. 2:24-cv-04802-SRM-AJR<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL 30(B)(6) DEPOSITION OF TIKTOK, INC. AND EXTEND THE DISCOVERY CUT-OFF FOR THE LIMITED PURPOSE OF COMPLETING DEFENDANT'S 30(B)(6) DEPOSITION**<br><br>**DISCOVERY MATTER**<br><br>**(OPPOSED)**<br><br>DATE: June 11, 2025<br>TIME: 1:30 p.m.<br>JUDGE: A. Joel Richlin |

PLEASE TAKE NOTICE that, Plaintiff Elizabeth Waterman ("Plaintiff") respectfully moves the Court for an order granting her Motion to Compel a 30(b)(6) deposition of a corporate representative of defendant TikTok, Inc. ("Defendant") and extend the discovery cut-off date for the limited purpose of completing Defendant's 30(b)(6) deposition and, in support thereof, states as follows:

1. Plaintiff sought discovery in which she is rightfully entitled to – a 30(b)(6) deposition of Defendant's corporate representative(s).

2. Discovery in this matter closes on May 16, 2025.

3. On May 2, 2025, undersigned counsel requested that counsel for Defendant provide dates for which Defendant would be available for a 30(b)(6) deposition. See Exhibit "A".[1]

4. Plaintiff's May 2, 2025, email went unanswered. Accordingly, undersigned counsel followed up with defendant's counsel on May 5, 2025. See Exhibit "B".[2]

5. On May 5, 2025, Defendant's counsel informed undersigned that he

---

[1] Portions of Exhibit "A" that are either irrelevant or privileged are redacted from the email.

[2] Portions of Exhibit "B" that are either irrelevant or privileged are redacted from the email.

1   was waiting for a response from his client. See Exhibit "C".[3]

2       6.    On May 7, 2025, undersigned counsel again requested Defendant's counsel provide dates for a deposition. See Exhibit "D".[4]

    7.    Further, in the May 7, 2025 email requesting a deposition date, undersigned served the 30(b)(6) deposition notice. See Exhibit "D". The notice was provided without a set date or time, as Defendant's counsel had yet to provide one.

    8.    Undersigned counsel emailed on May 8, 2025, reiterating its request for a deposition date for Defendant. See Exhibit "E".[5]

    9.    Defendant's counsel informed undersigned that, as of May 8, 2025 (despite being requested six days prior), no lawyer on behalf of Defendant had conferred with Defendant regarding availability for a 30(b)(6) deposition. See Exhibit "F".[6]

    10.    Undersigned responded that, as Plaintiff could extend the professional courtesy (as well as obligation) to produce their client, undersigned expected the

---

[3] Portions of Exhibit "C" that are either irrelevant or privileged are redacted from the email.
[4] Portions of Exhibit "D" that are either irrelevant or privileged are redacted from the email.
[5] Portions of Exhibit "E" that are either irrelevant or privileged are redacted from the email.
[6] Portions of Exhibit "F" that are either irrelevant or privileged are redacted from the email.

same of Defendant's counsel. See Exhibit "G".[7]

11. Undersigned asked yet again for a deposition date on May 9, 2025. See Exhibit "H".[8] No response was ever provided to this email.

12. While it is not generally in undersigned's practice to unilaterally set a deposition, as it does not extend a professional courtesy to opposing counsel or the deponent who may be unavailable, an exception was thus made in this case as Defendant and its counsel consistently failed to provide availability—despite the request for availability being made six times. See Exhibit "I".[9]

13. On May 12, 2025, Defendant's counsel was provided the Zoom link for the 30(b)(6) deposition, which was set for May 14, 2025. See Exhibit "J".[10]

14. On May 13, 2025, Defendant's counsel served Defendant's objections to Plaintiff's 30(b)(6) notice. See Exhibit "K". In short, Defendant has refused to appear at a 30(b)(6) deposition.

15. Counsel for Plaintiff and Defendant met and conferred to see if the

---

[7] Portions of Exhibit "G" that are either irrelevant or privileged are redacted from the email.
[8] Portions of Exhibit "H" that are either irrelevant or privileged are redacted from the email.
[9] Portions of Exhibit "I" that are either irrelevant or privileged are redacted from the email.
[10] Portions of Exhibit "J" that are either irrelevant or privileged are redacted from the email.

issues raised in Defendant's objections could be resolved. During the meet and confer, undersigned proposed to Defendant's counsel a few solutions including: (1) Defendant proffering more than one representative, (2) leeway on if the corporate representative was not fully prepared,[11] and/or moving the deposition back to May 16, 2025—which is the absolute latest date that the deposition could occur under the current scheduling order.

16. While Defendant claims that it was not given adequate time to object to the scope of any of the deposition topics, Defendant has not only been aware of the topics since May 7, 2025, but also would have been aware of the topics significantly sooner had Defendant acted in good faith and provided its availability. Plaintiff further notes that the deposition topics did not change from the notice that was provided on May 7, 2025 to the notice that was provided May 12, 2025 (but for the date and time being added to the latter).

17. Ultimately, despite Plaintiff requesting availability numerous times, Defendant gave Plaintiff the run around and never provided a date.

---

[11] See Novitzky v. TransUnion LLC, No. 2:23-cv-04229-SPG-MAR, 2025 U.S. Dist. LEXIS 90160, at *21–22 (C.D. Cal. May 12, 2025) ("[W]hile Rule 30(b)(6) requires a good faith effort on the part of the designate [sic] to find out the relevant facts—to collect information, review documents, and interview employees with personal knowledge," the rule does not require absolute perfection in preparation.") (internal quotations omitted) (cleaned up).

18. Because Defendant never answered, a deposition is no longer able to be taken. Defendant, just as Plaintiff, has been aware of the discovery cut-off date. It seems somewhat suspect that Defendant failed to provide dates and that its counsel failed to confer with it for numerous days. Defendant's bad faith should not be tolerated.

19. Where an opposing party has acted unfairly, it should not be rewarded for such behavior. In this matter, Defendant failed to ever provide its availability for a 30(b)(6) deposition, despite Plaintiff requesting a date numerous times.

20. Consequently, Plaintiff's eleventh-hour motion should be granted where, as here, Defendant ran out the clock.

21. Should the Court be gracious enough to grant Plaintiff's Motion to Compel Defendant's 30(b)(6) deposition and extend the discovery cutoff for the limited purpose of taking Defendant's 30(b)(6) deposition, Defendant would not be prejudiced.

22. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Landes v. Skil Power Tools, No. 2:12-cv-01252-MCE, 2013 U.S. Dist. LEXIS 181426, 2013 WL 6859837, at *3 (E.D. Cal. Dec. 30, 2013). Plaintiff's reason for seeking modification is so that Plaintiff can conduct a 30(b)(6) deposition of Defendant's

COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

corporate representative whereby counsel is now refusing to produce Defendant in the eleventh hour.[12]

23.     This Circuit has pointed to four factors for the Court to consider when determining if a scheduling order should be modified: (1) the degree of prejudice to the moving party from a failure to modify; (2) the degree of prejudice to the nonmoving party from a modification; (3) the impact of a modification at that stage of the litigation on the orderly and efficient conduct of the case; and (4) the degree of willfulness, bad faith or inexcusable neglect on the part of the moving party. See United States v. First Nat. Bank of Circle, 652 F.2d 882, 887 (9th Cir. 1981).

24.     The degree of prejudice to the moving party from a failure to modify is significant. Plaintiff should be able to take a deposition that she is entitled to. Plaintiff was willing to make herself available on relatively short notice (e.g., a total of fourteen days), so it is a bit surprising that Defendant is unwilling to extend the same courtesy.

25.     The degree of prejudice to the nonmoving party is negligible. Plaintiff is not seeking to reopen all discovery. Plaintiff merely requests that the discovery

---

[12]     While undersigned counsel anticipates that Defendant will point out to the Court that Plaintiff could have unilaterally set a deposition as Defendant did, just because something can be done does not make it proper.

cut-off date be extended until a date in which Defendant will produce a corporate representative,[13] and that discovery remain open for the **limited and sole** purpose of taking Defendant's 30(b)(6) deposition. Plaintiff is not proposing that any additional discovery be conducted beyond the single deposition.

26. The impact of modification of the scheduling order at this stage of litigation would be minimal and have little impact on conducting this matter in an orderly and efficient manner. The parties have not moved into active dispositive motion practice nor has mediation (which Plaintiff already informed Defendant it wanted to engage in) occurred.

27. The degree of willfulness, bad faith, or inexcusable neglect on the part of Plaintiff is minute. Plaintiff has been actively seeking confirmation of availability from Defendant, but those requests have been ignored. While Plaintiff does not wish to cast aspersions on Defendant, it would seem more apropos to note that Defendant's failure to provide availability and inform counsel of its refusal to attend a deposition the day before it was scheduled to occur—with no time to set a different date—is more akin to bad faith.

---

[13] Plaintiff proposes that the Court require Defendant to make itself available within thirty (30) days of entry of an Order granting this Motion.

28. Accordingly, Plaintiff requests that this Court compel the appearance and testimony of a 30(b)(6) corporate representative of Defendant, as well as extend the discovery cut-off date for the limited purpose of completing the 30(b)(6) deposition of Defendant's corporate representative(s).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) compelling the appearance and testimony of a 30(b)(6) corporate representative of Defendant; (b) extending the discovery cut-off date for the limited purpose of completing the 30(b)(6) deposition of Defendant's corporate representative(s); and, (c) for such further relief as the Court deems proper.

## LOCAL RULE 7.3 CERTIFICATE

Before filing this Request, undersigned counsel conferred with counsel for Defendant (Connor J. Hansen, Esq.) who indicated that Defendant opposes the requested relief.

Dated: May 13, 2025.

**COPYCAT LEGAL PLLC**

By: /s/ Lauren M. Hausman
Lauren M. Hausman, Esq.
By: /s/ Jonathan Alejandrino
Jonathan Alejandrino, Esq. *(pro hac vice)*
Attorneys for Plaintiff
Elizabeth Waterman

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Lauren M. Hausman
Lauren M. Hausman, Esq