

# Lauren Hausman

| | |
|---|---|
| **From:** | Jonathan Alejandrino |
| **Sent:** | Wednesday, May 7, 2025 7:19 PM |
| **To:** | Hansen.Connor@dorsey.com; Lauren Hausman |
| **Cc:** | Tia Kelly; keyes.mike@dorsey.com; Harlow.Dylan@dorsey.com; duran.nancy@dorsey.com |
| **Subject:** | RE: ▮▮▮▮ Waterman v. Tiktok - ▮▮▮▮ Discussion |
| **Attachments:** | Waterman v. TikTok - Notice of Taking 30(b)(6) Deposition.pdf |

Good afternoon Connor,

I am following up on Lauren's request for dates between May 12-May 16 that your client is available for a deposition and am attaching our 30(b)(6) notice. Please let me know what date works best as soon as possible, thank you.

Regards,



**Jonathan Alejandrino, Esq.**
Attorney

CopyCat Legal PLLC
3111 North University Drive,
Suite 301
Coral Springs, Florida 33065

**T** 877-HERO-CAT (877-437-6228)
**E** jonathan@copycatlegal.com
   www.copycatlegal.com



You Create.
Copycat Protects.™

Lauren M. Hausman (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd.
Suite 232
Beverly Hills, CA 90211
T: (877)-437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff
ELIZABETH WATERMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH WATERMAN,<br><br>    Plaintiff,<br><br>v.<br><br>TIKTOK INC.,<br><br>    Defendant. | Civil Action No. 2:24-cv-04802-SRM-AJR<br><br>**NOTICE OF TAKING 30(b)(6) DEPOSITION OF THE CORPORATE REPRESENTATIVE OF TIKTOK INC.** |

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6), plaintiff Elizabeth Waterman ("Plaintiff") will take the deposition of the corporate representative(s) of defendant TikTok, Inc. ("Defendant") which shall designate one or more officers, directors, managing agents, or other persons who will testify on its behalf and be examined regarding the matters set forth on **Exhibit**

1

"A" attached hereto, at the place, date and time indicated below. The deposition will take place upon oral examination(s), before a Notary Public, or some other officer duly authorized by law to take depositions. The deposition(s) will continue from day to day until completed.

| DEPONENT | DATE AND TIME | LOCATION |
|---|---|---|
| Corporate Representative of TikTok, Inc. | To be determined | Via Zoom (link to be provided) |

Dated: May 7, 2025.                    **COPYCAT LEGAL PLLC**

By: /s/ Jonathan Alejandrino
Jonathan Alejandrino, Esq. *(pro hac vice)*
Lauren M. Hausman, Esq.
Attorneys for Plaintiff
Elizabeth Waterman

### CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2025, I served the foregoing document via e-mail to: Connor Hansen, Esq. (Hansen.Connor@dorsey.com), Michael Keyes, Esq. (keyes.mike@dorsey.com), and Dylan Harlow, Esq. (Harlow.Dylan@dorsey.com).

/s/ Jonathan Alejandrino
Jonathan Alejandrino, Esq.

# EXHIBIT "A"

# DEFINITIONS

1. "<u>Communication</u>" means any oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever made, including correspondence, conversations, dialogues, discussions, e-mails, interviews, meetings, consultants, agreements, and other understandings between or among two or more people.

2. "<u>Complaint</u>" means the governing Complaint in the above-captioned action.

3. "<u>Concerning</u>" or "<u>Regarding</u>" means relating to, referring to, describing, evidencing, mentioning, affecting, showing, reflecting, touching on, bearing on or constituting.

4. "<u>Document</u>" is used in the broadest sense permitted under the Federal Rules of Civil Procedure and includes, but is not limited to, all originals, non-identical copies and copies with marginal notations or interlineations of any writing, e-mail, text message, computer data, sworn statement, deposition transcript, affidavit, recording, photograph, or other item containing information of any kind or nature, however produced or reproduced, whatever its origin or location, and regardless of the form maintained. The term "<u>Document</u>" also includes all <u>Communications</u> and all <u>Electronically Stored Information</u>.

5.  "All Documents" means every document or group of documents or communication as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

6.  "Electronically Stored Information" refers to all computer or electronically stored or generated data and information, and shall include all attachments to and enclosures with any requested item, and all drafts thereof. Electronically Stored Information includes (but is not limited to): e-mails; text messages; messages sent via messaging services/applications (such as WeChat, WhatsApp, Messenger, Facebook Messenger, etc.); word-processing documents; electronic spreadsheets; electronic presentation documents; image files; sound files; and material or information stored in a database, or accessible from a database. Electronically Stored Information also includes all associated metadata that is maintained or saved, which includes: document title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; e-mail header information; history of who viewed an e-mail and when; and e-mail routing information.

7.  "Identify" means, when referring to a Person, to give, to the extent known, the Person's full name, job title, present or last known address and when

referring to a natural Person, additionally, the present or last known place of employment.

8.  "Identify" means, when referring to any other information, to give a full, complete, forthright and correct account of whatever is the subject of the inquiry.

9.  "Including" shall mean including but not by way of limitation.

10. "Lawsuit" means the above-captioned case, currently pending in United States District Court for the Central District of California.

11. "Person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, or other business enterprise, governmental body, group of natural persons or other entity.

12. "Defendant" refers to defendant TikTok, Inc. and includes any agents, servants and other persons acting or purporting to act on Defendant's behalf.

13. "DMCA Takedown Notice(s)" refer to any DMCA Takedown Notice (and any attachments thereto) sent to Defendant on behalf of Plaintiff.

14. "Facebook Page" refers to Defendants' Facebook page located at https://www.facebook.com/tiktok/?brand_redir=758806760970544.

15. "Instagram" refers to Defendant's Instagram account/page located at https://www.instagram.com/tiktok/.

16. "<u>Plaintiff</u>" refers to plaintiff Elizabeth Waterman and includes any agents, servants and other persons acting or purporting to act on Plaintiff's behalf.

17. "<u>Platform</u>" refers to any website (including any sub-pages thereof), or application owned and/or controlled by Defendant, including but not limited to the website located at https://www.tiktok.com/ or the application able to be downloaded.

18. "<u>Work</u>" refers to the photographs included in the definition of "Work" in the Complaint.

19. All capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Complaint.

20. All words in the present tense include the past, and all words in the past tense include the present tense.

21. As used herein, the singular shall include the plural, the plural shall include the singular, and masculine, feminine, and neuter shall include each of the other genders.

**DEPOSITION TOPICS**

1. The factual circumstances by which the Work (or the compilation containing the Work) came to be published on the Platform.

2. The relationship (if any) between Defendant and the person purportedly responsible for uploading to and/or causing the Work to be displayed on the Platform.

3. The terms of any agreement between Defendant and the person purportedly responsible for uploading to and/or causing each photograph comprising the Work to be displayed on the Website.

4. The number of visits and/or clicks registered on the end-user's profile.

5. Defendant's policies and procedures with respect to DMCA takedown notices.

6. The factual circumstances of Defendant's receipt of DMCA takedown notices and subsequent actions taken.

7. The role of any of Defendant's employees in reviewing DMCA takedown notices and any subsequent

8. Defendant's responses (or lack thereof) to the DMCA Takedown Notice(s) it received from Plaintiff.

9. The steps taken by Defendant upon receipt of the DMCA Takedown Notice(s) to investigate such.

10. Defendant's communications with the end-user(s) who posted the photographs comprising the Work to the Platform.

11. Defendant's increased traffic associated with any of the photographs comprising the Work and their utilization by Defendant, including but not limited to online sales and/or in-platform sales.

12. Defendant's method and means by which it generates revenue and/or profits.

13. The factual basis for Defendant's contention, set forth in its First Affirmative Defense, that "its causes of action fail to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6)."

14. The factual basis for Defendant's contention, set forth in its Second Affirmative Defense, that "Plaintiff's claim are barred, in whole or in part, because Plaintiff has not demonstrated that she owns registered copyrights covering the Work or that the copyrights are valid."

15. The factual basis for Defendant's contention, set forth in its Third Affirmative Defense, that "Plaintiff's claims are barred, in whole or in part, because the Work are not protectable under copyright law."

16. The factual basis for Defendant's contention, set forth in its Fourth Affirmative Defense, that "Plaintiff's claims are barred, in whole or in part, because the Work are not sufficiently original."

17. The factual basis for Defendant's contention, set forth in its Fifth Affirmative Defense, that "Plaintiff's claims are barred, in whole or in part,

because any alleged infringement by Defendant or Defendant's users constitutes fair use under 17 U.S.C. § 107."

18. The factual basis for Defendant's contention, set forth in its Sixth Affirmative Defense, that "Plaintiff's claims are barred, in whole or in part, because Defendant is protected by one or more of the safe harbor provisions of the DMCA under 17 U.S.C. § 512."

19. The factual basis for Defendant's contention, set forth in its Seventh Affirmative Defense, that "Plaintiff's claims are barred, in whole or in part, because one or more third parties are liable for the conduct alleged in the First Amended Complaint."

20. The factual basis for Defendant's contention, set forth in its Eighth Affirmative Defense, that "Plaintiff's claims are barred, in whole or in part, because any damage that Plaintiff allegedly sustained was not legally or proximately caused by Defendant."

21. The factual basis for Defendant's contention, set forth in its Ninth Affirmative Defense, that "Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages that are caused by, or attributable to, the alleged infringement."

22. The factual basis for Defendant's contention, set forth in its Tenth Affirmative Defense, that "Plaintiff's claims are barred, in whole or in part,

because Defendant did not materially contribute to or induce the alleged copyright infringement."

23. The factual basis for Defendant's contention, set forth in its Eleventh Affirmative Defense, that "Plaintiff's claims are barred, in whole or in part, because Defendant did not and does not have a direct financial interest in or to the alleged copyright infringement."

24. The factual basis for Defendant's contention, set forth in its Twelfth Affirmative Defense, that "Plaintiff's claims are barred, in whole or in part, because any infringement or violation occurred with innocent intent."

25. The factual basis for Defendant's contention, set forth in its Thirteenth Affirmative Defense, that "Plaintiff's claims are barred, in whole or in part, to the extent any third-party use of the subject photographs was pursuant to a valid license, whether an implied or express license."

26. The factual basis for Defendant's contention, set forth in its Fourteenth Affirmative Defense, that "Plaintiff's claims are barred, in whole or in part, as moot to the extent a settlement has been reached with the third parties alleged to infringe the Work."

27. The factual basis for Defendant's contention, set forth in its Fifteenth Affirmative Defense, that "Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has already recovered damages or other relief from the third parties

whose alleged conduct forms the basis of Plaintiff's allegations against Defendant."

28.   The factual basis for Defendant's contention, set forth in its Sixteenth Affirmative Defense, that "To the extent Plaintiff seeks injunctive relief, such relief is barred because the injury, harm, or damage allegedly suffered by Plaintiff is adequately compensated in an action for monetary damages."

29.   The factual basis for Defendant's contention, set forth in its Seventeenth Affirmative Defense, that "Plaintiff's claims are barred, in whole or in part, by equitable defenses of estoppel, waiver, and/or laches."