

## Lauren Hausman

| | |
|---|---|
| **From:** | Hansen.Connor@dorsey.com |
| **Sent:** | Tuesday, May 13, 2025 12:54 PM |
| **To:** | Lauren Hausman; Jonathan Alejandrino |
| **Cc:** | Tia Kelly; keyes.mike@dorsey.com; Harlow.Dylan@dorsey.com; duran.nancy@dorsey.com; Hansen.Connor@dorsey.com |
| **Subject:** | RE: ██████ Waterman v. Tiktok - ██████ Discussion |
| **Attachments:** | Objections to Notice of TTI 30(b)(6) Dep. Notice.pdf |

> External (hansen.connor@dorsey.com)
>
> Report This Email  FAQ  GoDaddy Advanced Email Security, Powered by INKY

Hi Lauren,

Attached are Defendants objections to the 30(b)(6) Notice of Deposition.  Please let us know when you are available for a meet and confer today.

Thanks,
Connor

**Connor J. Hansen**
**IP Litigation Associate**
Pronouns: He/Him/His

# DORSEY
DORSEY ◆ WHITNEY LLP

**P:** 206.903.2407  **C:** 402.469.1778
WWW.DORSEY.COM  ::  Bio  ::  V-Card  ::  LinkedIn

DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
  *keyes.mike@dorsey.com*
Connor J. Hansen (*pro hac vice*)
  *hansen.connor@dorsey.com*
Dylan J. Harlow (*pro hac vice*)
  *harlow.dylan@dorsey.com*
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  *schmidt.kent@dorsey.com*
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Defendant TikTok, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH WATERMAN, <br><br> *Plaintiff*, <br><br> v. <br><br> TIKTOK INC., INC. <br><br> *Defendant*. | Case No. 2:24-CV-04802-SRM-AJR <br><br> **DEFENDANT'S OBJECTIONS TO NOTICE OF 30(B)(6) DEPOSITION OF TIKTOK, INC. CORORATE REPRESENTATIVE** <br><br> Hon. Serena R. Murillo |

Defendant TikTok, Inc. ("TTI") objects to the Notice of 30(b)(6) Deposition of TikTok, Inc. ("Notice of Deposition") as follows:

Plaintiff served the Notice of Deposition on May 7, 2025. The May 7 Notice of Deposition did not include a date or time for the deposition. On May 12, 2025, Plaintiff served an amended Notice of Deposition, purporting to schedule the deposition for May 14, 2025. Included in the Notice of Deposition are twenty-nine broad Topics of Examination that were first provided to Defendant on May 7.

1    Plaintiff has failed to provide "reasonable notice" of the deposition as required
2    by Federal Rule of Civil Procedure 30(b)(1).  *Holloway v. 3M Co.*, No. EDCV 19-
3    708-JAK (KKx), 2019 U.S. Dist. LEXIS 222001, at *74 (C.D. Cal. Oct. 31, 2019)
4    ("The Court finds nine days' notice is not reasonable for a Rule 30(b)(6) deposition
5    seeking 33 matters for examination" and Defendant is not required to appear for the
6    deposition); *Young v. Client Servs.*, No. 5:20-cv-01741-GW (SPx), 2022 U.S. Dist.
7    LEXIS 92210, at *4 (C.D. Cal. Mar. 21, 2022) ("eight days' notice for a deposition
8    at which the representative was expected to testify regarding 13 broad topics covering
9    seemingly every aspect of this case is presumptively unreasonable").

10    Given the numerous Topics of Examination and the broad scope of the Topics,
11    Defendant is prejudiced by Plaintiff's untimely Notice of Deposition and is unable to
12    adequately prepare one or more corporate representatives to testify to each of the
13    Topics.  *Fleites v. Mindgeek S.A.R.L.*, No. 2:21-04920 CJC (ADSx), 2023 U.S. Dist.
14    LEXIS 152758, at *6 (C.D. Cal. June 1, 2023) ("Defendant would be prejudiced from
15    having too little time to prepare a deponent" for a 30(b)(6) deposition); *Kilby v. CVS
16    Pharmacy, Inc.*, No. 09cv2051-MMA(KSC), 2017 U.S. Dist. LEXIS 63502, at *3
17    (S.D. Cal. Apr. 26, 2017) ("it was unreasonable for plaintiff to expect defendant to
18    compile all of the necessary data, locate and prepare competent witnesses, and then
19    appear for depositions of the scope requested in just ten calendar days").

20    Finally, Plaintiff has failed to leave adequate time for the Parties to meet and
21    confer on the scope of the Topics and to schedule the deposition on a mutually
22    agreeable date.  *See* Civil Trial Order, Dkt. 48 at 2.

23    Several of the Topics of Examination are too broad, unduly burdensome, other
24    otherwise objectionable.

25    • Topic Nos. 4 and 11 seek testimony relating to information that Plaintiff
26    did not otherwise seek through written discovery and Defendant objects
27    to these Topics as unduly burdensome, over broad, and untimely to the
28

-2-

extent they would require Defendant to locate this information and prepare a witness to testify to this information without sufficient notice.

- Topic Nos. 5 and 12 are over broad, unduly burdensome, and seek information that is irrelevant to any clams or defenses in this action to the extent they seek information relating to Defendant's business generally and are not limited to the alleged infringement at issue in this case.

- Topic Nos. 13-29 seek information relating to the bases for Defendant's affirmative defenses and Defendant objects to each of these Topics to the extent they seek information that is subject to the attorney-client privilege, the work product doctrine, or any other privilege or immunity, to the extent they call for the mental impressions of Defendant's counsel, and to the extent they call for witnesses to provide legal conclusions.

Subject to above objections, Defendant will not be prepared for a 30(b)(6) deposition and Plaintiff's Notice of Deposition is untimely.

////
////
////
////
////
////
////
////
////
////
////
////

OBJECTIONS TO NOTICE OF
30(B)(6) DEPOSITION OF TIKTOK, INC.                    Case No. 2:24-CV-04802-SRM-AJR

1    Dated:   May 13, 2025              DORSEY & WHITNEY LLP

2

3                                        By: */s/ J. Michael Keyes*
                                         J. Michael Keyes (SBN 262281)
4                                          *keyes.mike@dorsey.com*
                                         Connor J. Hansen (*pro hac vice*)
5                                          *hansen.connor@dorsey.com*
                                         Dylan J. Harlow (*pro hac vice*)
6                                          *harlow.dylan@dorsey.com*
                                         Columbia Center
7                                        701 Fifth Avenue, Suite 6100
                                         Seattle, WA
8                                        Telephone:  206.903.8800
                                         Facsimile:  206.903.8820

9                                        DORSEY & WHITNEY LLP
                                         Kent J. Schmidt (SBN 195969)
10                                         *schmidt.kent@dorsey.com*
                                         600 Anton Boulevard, Suite 200
11                                       Costa Mesa, CA 92626
                                         Telephone:  714.800.1400
12                                       Facsimile:  714.800.1499

13                                       *Attorneys for Defendant TikTok, Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTIONS TO NOTICE OF
30(B)(6) DEPOSITION OF TIKTOK, INC.                    Case No. 2:24-CV-04802-SRM-AJR

## CERTIFICATE OF SERVICE

1

2      I hereby certify that on May 13, 2025, I caused a true and correct copy of the

3  foregoing to be served by email on Plaintiff's counsel at the following addresses.

4

5          Lauren M. Hausman
           Jonathan Alejandrino
6          Tia Kelly
           COPYCAT LEGAL PLLC
7          lauren@coycatlegal.com
           jonathan@copycatlegal.com
8          tia@copycatlegal.com

9

10                                         /s/ J. Michael Keyes
                                           J. Michael Keyes
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTIONS TO NOTICE OF
30(B)(6) DEPOSITION OF TIKTOK, INC.                    Case No. 2:24-CV-04802-SRM-AJR